ROBERSON et al. v. CITY OF TERRELL. (No. 8320.)

(Court of Civil Appeals of Texas. Dallas. Jan. 31, 1920.)

1. APPEAL AND ERROR ☞781(5)—QUESTION OF PROPRIETY OF APPOINTMENT OF MUNICIPAL MANAGER MOOT WHERE PENDING APPEAL ANOTHER WAS APPOINTED.

Where plaintiffs' suit to restrain the board of commissioners from appointing a particular individual municipal manager resulted in judgment aganst plaintiffs, and after plaintiffs' appeal the commissioners appointed another as manager who duly qualified, the case became moot and will be dismissed.

2. APPEAL AND ERROR ☞781(1)—WHERE CASE IS MOOT, MERITS WILL NOT BE CONSIDERED TO DETERMINE AGAINST WHOM COSTS WILL BE IMPOSED.

Where pending appeal the case became abstract, the appellate court will dismiss the case and will not consider the merits for determining against which party costs should be assessed.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by C. W. Roberson and others against the City of Terrell. From a judgment for defendant, plaintiffs appeal. Case dismissed.

Thos. R. Bond, of Terrell, for appellants.
Bumpass & Crumbaugh, of Terrell, for appellee.

RASBURY, J. [1] Appellee, a municipal corporation, acting through its board of commissioners, elected E. D. Kelley its manager, effective August 1, 1919, an officer authorized by its charter. Subsequently, and before Kelley qualified as city manager for appellee, this suit was brought to cancel his election and to restrain the board of commissioners from paying said officer his salary, etc., on the ground that Kelley had not been a citizen of appellee municipality for a period of three years next preceding his election as required by appellee's charter. July 25, 1919, the application was heard, and the relief denied. July 29, 1919, appellants perfected appeal from the judgment. The transcript on appeal was filed in this court August 4, 1919. The case is now before us on motion to dismiss the appeal on the ground that the appeal presents nothing for decision. In support of that contention it appears from appropriate affidavits that appellee's board of commissioners elected J. P. Kittrell city manager on July 29, 1919, and that his bond as such officer was accepted and approved September 2, 1919.

It thus appears without controversy that the issue between appellants and appellee is an abstract one, since it does not rest upon existing facts or rights, and hence presents a moot case. Courts will not take cognizance of such matters. Ansley et al. v. State, 175 S. W. 470, and cases cited.

[2] Counsel for appellants insist that, in the event we conclude the appeal at this time presents a moot case, then the costs in fairness should be taxed against appellee, since it appears that it is due to appellee's action subsequent to trial and appeal that the controversy has become an abstract one. To determine against whom the costs ought to be taxed would obviously require a determination of the merits of the case, and as a consequence courts have uniformly refused to consider the case even for that purpose. The case, not the appeal, will be dismissed.