## PEOPLES v. SCOTT.

### No. 11467.

Court of Civil Appeals of Texas. San Antonio.

Nov. 29, 1944.

Rehearing Denied Jan. 3, 1945.

D. H. Massie, of Corpus Christi, for appellant.

Roy A. Scott, of Corpus Christi, for appellee.

NORVELL, Justice.

The action arose out of the sale of an automobile by plaintiff, Roy A. Scott, to defendant, C. M. Peoples. In his trial petition Scott alleged that there was a balance due him of $225, which was secured by an equitable lien on the automobile. In the alternative he prayed for a decree rescinding the sale. The trial court rendered judgment for Scott in accordance with his prayer for rescission. Peoples appealed to this Court.

We have come to the conclusion that this cause is now moot and should be dismissed.

Scott has filed an affidavit herein in which he says that, "After the transcript and statement of facts had been filed in this court and after appellant had filed his brief herein, appellee delivered over to the appellant the automobile upon which this suit was based at which time appellant paid to appellee the sum of $225.00, the remaining amount due appellee upon said automobile by appellant, * * *."

While Peoples' attorney filed an unsworn reply to this affidavit, which contained a general denial, we are of the opinion that same can not be given effect as against Scott's sworn allegation of fact above set out.

If Scott, after the entry of a decree of rescission in his favor, has accepted the sum of $225 and delivered the automobile to Peoples, the question of whether or not the rescission decree was correct is clearly moot. The fact that a question of court costs may be involved does not change or affect the rule that appellate courts will not decide abstract or moot propositions. 3 Tex.Jur. 68, § 34.

For the reasons stated, this Court, upon its own motion, will enter an order dismissing this cause. King v. Fitch, Tex. Civ.App., 181 S.W.2d 926.

Cause dismissed.