## PEOPLES v. SCOTT.

No. 11467.

Court of Civil Appeals of Texas. San Antonio.

July 25, 1945.

For former opinion, see 184 S.W.2d 161.

Park & Park, of Corpus Christi, for appellant.

Roy A. Scott, of Corpus Christi, for appellee.

NORVELL, Justice.

This Court has heretofore entered an order dismissing this cause. Peoples v. Scott, Tex.Civ.App., 184 S.W.2d 161.

C. M. Peoples has now filed a motion herein to recall the mandate issued and correct the order, for the reason that "demands and claims have been made and are now being asserted thereunder upon the theory that this Court upon dismissing the cause in effect affirmed the judgment and orders of the trial court inasmuch as the same were not vacated and set aside by express words in the opinion of this Court. Therefore, for the protection of the parties hereto, the mandate of this Court should be recalled and the judgment of this Court redrafted so as to preclude any misconception with reference to the judgment and orders of the court below, showing thereby that this Court did not intend merely to dismiss the appeal and thus affirm the judgment and orders of the court below, * * *."

In our former opinion we cited the case of King v. Fitch, Tex.Civ.App., 181 S.W.2d 926, which in turn cites a number of cases which discuss the legal effect of the dismissal of a cause as distinguished from the effect of the dismissal of an appeal.

The dismissal of an appeal would leave undisturbed the judgment of the lower court and thereby, in effect, affirm same without according to the appealing parties a hearing upon the merits of their appeal. International Ass'n of Machinists, Local Union No. 1488 v. Federated Ass'n of Accessory Workers, 133 Tex. 624, 130 S.W.2d 282.

The effect of an order dismissing the cause is to vacate the judgment appealed from and dismiss the cause from the docket of the trial court. University Interscholastic League v. Sims, 133 Tex. 605, 131 S.W.2d 94.

Our order heretofore entered clearly decrees that the "cause be, and it is hereby dismissed."

We perceive no ambiguity or indefiniteness in the wording of this order and consequently overrule the motion.

Motion overruled.