**Pansy M. GRANT, Appellant,**

v.

**W. C. GRANT, Appellee.**

**No. 3900.**

Court of Civil Appeals of Texas.
Waco.
March 29, 1962.

Rehearing Denied May 17, 1962.

Moore and Moore, Orgain, Bell & Tucker, Baldwin & Goodwin, Beaumont, for appellant.

Everett Lord, W. G. Walley, Jr., Jack R. King, Beaumont, Crawford C. Martin, Hillsboro, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order entered 10 February, 1960 by the District Court ordering Pansy Grant to pay to W. C. Grant certain dividends from stocks in her possession, pending an appeal of a final decree of divorce between the parties entered on 17 December 1959. The appellant contends the order of 10 February 1960 is void, as there can be but one final judgment in a case; in this case the judgment of divorce entered on 17 December 1959. A supersedeas bond was filed by the appellant herein which superseded the order appealed from.

In the meantime the judgment of divorce and property division entered on 17 December 1959 has been appealed from: affirmed by the Court of Civil Appeals, 351 S.W.2d 897; and writ of error denied by the Supreme Court of Texas. Such judg-

ment finally disposed of all property matters between the parties to the case at bar, and renders the case at bar moot.

Appellate courts will not decide moot or abstract propositions. Cain et al. v. Local Union 47 Int. Bro. of Teamsters, 155 Tex. 304, 285 S.W.2d 942; 3 T.J.2d Sec. 50, p. 313; A case, issue, or proposition is, or becomes moot or abstract, when it does not, or ceases to rest on any existing fact or right. All rights and issues have been disposed of by the 17 December 1959 judgment between the parties, who are the same parties in the case at bar. Such judgment has become final as noted. The mere fact that a question of costs is involved does not prevent a case from becoming moot, and an appellate court will not ordinarily decide abstract and moot questions merely to determine the question of liability for costs. LaCoste v. Duffy, 49 Tex. 767, 3 T. J.2d Sec. 50, p. 314 and cases collated in note 9, p. 314, 3 T.J. The appeal is dismissed.

Dismissed.