George W. BLANDIN, Appellant,

v.

The FIRST–WICHITA NATIONAL BANK OF WICHITA FALLS, Independent Executor of Estate of Vesta Harriett Blandin, Deceased, Appellee.

No. 16695.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 14, 1966.

Short & Smith, and Donald E. Short, Wichita Falls, for appellant.

Prothro & Sellers, and Lee Sellers, Wichita Falls, for appellee.

RENFRO, Justice.

The First-Wichita National Bank of Wichita Falls, Independent Executor of the Estate of Vesta Harriett Blandin, deceased, and George W. Blandin were joint owners of considerable personal and real property. Upon application of the Bank a receiver was appointed over the property.

Defendant appealed from the order of appointment on four points of error. We have studied the entire record and have found they present no reversible error. The points are not discussed, however, for the reason hereinafter set forth.

The only relief prayed for by plaintiff was for the appointment of a receiver to protect, preserve, save and operate the property, and on final trial a partition of the property.

It has properly been made to appear to us that since the appeal was perfected plaintiff and defendant have settled their differences.

On November 19, 1965, plaintiff executed and delivered to defendant warranty deeds to all of the real property and bills of sale to all of the personal property involved in the receivership. Possession of all property, real and personal, was delivered to defendant. Plaintiff no longer claims any interest in any of the property.

There is no property for the receiver to manage or operate. The record does not

show that the receiver ever assumed control over any of the property. In any event it is now in the ownership and possession of defendant with no other person claiming any interest therein.

■ By necessary implication, if not expressly, the receivership was for all practicable purposes terminated when plaintiff sold all the property involved to the defendant and surrendered possession to him; hence the appeal as to the propriety of the appointment of a receiver has become moot. McMurrey v. McMurrey, 168 S.W.2d 944 (Fort Worth Civ.App., 1943, no writ hist.). There no longer exists a controversy between the parties. An appellate court will not retain jurisdiction to decide a controversy after the parties settle it. James v. Southwestern Inv. Co., 133 S.W.2d 183 (Waco Civ.App., 1939, no writ hist.); 3 Tex.Jur.2d 315, § 51. The existence of an actual controversy is essential to an exercise of appellate jurisdiction. Dowlen v. Amarillo Independent School Dist., 175 S.W.2d 288 (Amarillo Civ.App., 1943, ref. w. m.). Validity of an interlocutory order to which an appeal has been taken will not be passed upon, when the appeal becomes moot, merely to determine a question of cost. Robinson v. State, 87 Tex. 562, 29 S.W. 649 (1895).

The appeal is dismissed.