Lillie Ruth STEPHENS, Appellant,

v.

BIll DECKER, Appellee.

No. 4251.

Court of Civil Appeals of Texas.

Eastland.

Aug. 9, 1968.

Ed J. Polk, Dallas, for appellant.

Wilson Johnston and Elland Archer, Asst. Dist. Attys., Dallas County, Dallas, for appellee.

GRISSOM, Chief Justice.

Lillie Ruth Stephens sued her husband for divorce. Citation for service by publication was issued and delivered to the Sheriff. The Sheriff delivered it to a newspaper for publication, but the Sheriff executed no return of said citation. Mrs. Stephens' attorney wrote Sheriff Decker that citation by publication had been consummated and asked him to execute a return of said citation in order that the case might be tried. This the Sheriff refused to do. Mrs. Stephens brought this suit seeking a writ of mandamus to compel the Sheriff to make such return.

Mrs. Stephens refused to pay the cost of said citation by publication. She filed an affidavit of inability to pay or secure payment of the court costs. The affidavit was contested by the Clerk. Upon a hearing, on August 17, 1967, the contest of her pauper's affidavit was overruled. The Sheriff and Mrs. Stephens are the only parties to this mandamus suit.

Upon a hearing of the petition for mandamus the writ was refused and Mrs. Stephens has appealed. The appellee-Sheriff has filed a motion to dismiss because the act sought to be compelled by Mrs. Stephen's suit for mandamus has already been accomplished, that is, the Sheriff has now made due return of said citation by publication. The verified motion of the Sheriff to dismiss shows that, on April 8, 1968, he made due return of said citation. This was the only action sought by appellant. Said motion further shows that, on the 22nd of April, 1968, a motion was filed to set aside the former order of the trial court overruling the contest of appellant's pauper's affidavit. It contained an allegation that Mrs. Stephens had withheld information on the previous hearing. Upon a hearing, the motion to set aside the previous order, adjudicating that Mrs. Stephens was unable to pay or secure payment of the costs, was granted. Thus, the order permitting Mrs. Stephens to proceed, as she has, without paying or giving security for costs, was set aside.

It appearing without dispute that the Sheriff has made proper return of said citation by publication and that this case is now moot, it becomes our duty to dismiss the case. Courts do not decide cases when no actual controversy between the parties exists at the time of hearing. City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638, 639. The proper order is to dismiss the case, not the appeal. Tritico v. Texas Liquor Control Board, 133 Tex. 388, 128 S.W.2d 379. See also Padgitt v. Young County, 111 Tex. 98, 229 S.W. 459; Cisco Independent School District v. Dudley, Tex.Civ.App., 53 S.W.2d 639, 641; Peoples v. Scott, Tex.Civ.App., 184 S.W.2d 161; 189 S.W.2d 522.

The rule is applicable despite the fact that liability for costs has not been adjudicated. Peoples v. Scott, Tex.Civ. App., 184 S.W.2d 161; Bell v. Lucas, Tex. Civ.App., 34 S.W.2d 356, 357; Dallas Joint Stock Land Bank v. Dallas County Levee

**30**

Improvement District, Tex.Civ.App., 263 S.W. 1103; Roberson v. City of Terrell, Tex.Civ.App., 218 S.W. 813.

The case is dismissed.