**PARKMONT PRODUCTS CORP. et al., Appellants,**

v.

**Scott WALKER et al., Appellees.**

**No. 5332.**

Court of Civil Appeals of Texas, Waco.

May 23, 1974.

Wallace & Smith, Walter S. Smith, Jr., Waco, for appellants.

Moody & Crow, Frank M. Fitzpatrick, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellants Parkmont, et al., from order of the trial court quashing writs of execution on a judgment theretofore rendered.

Appellees have filed motion to dismiss, asserting all issues arising on this appeal are now moot.

The verified motion of appellees shows that subsequent to the order of the trial court quashing such writs of execution, appellants secured the issuance of a second set of writs of execution, which were served on the identical properties subject to levy and seizure by the writs of execution quashed, and that such properties were sold at sheriff's sale, and the proceeds credited on the final judgment.

■ An appellate court will not decide cases where no actual controversy exists between the parties at time of hearing.

City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638. Moreover courts will not continue to litigate controversy that has ceased to exist, and appellate courts will not review judgment in cases where controversy between the parties has terminated, since such cases are moot. State v. Society for Friendless Children, 130 Tex. 533, 111 S.W.2d 1075; McNeill v. Hubert, 119 Tex. 18, 23 S.W.2d 331. The fact a question of costs is involved does not prevent a case from becoming moot, and an appellate court will not decide moot questions merely to determine the question of liability for costs. Lacoste v. Duffy, 49 Tex. 767; Robinson v. State, Tex.Cr.App., 29 S.W. 649; 3 Tex.Jur.2d, Sec. 50, p. 314.

To the same effect are: Grant v. Grant, Waco CCA, NWH, Tex.Civ.App., 358 S.W.2d 147; Blandin v. First-Wichita Nat. Bank, Ft. Worth CCA, NWH, Tex.Civ.App., 398 S.W.2d 663; Anderson v. Crain Chem. Co., Dallas CCA, NWH, Tex.Civ.App., 381 S.W.2d 364; Hand v. State, Houston CCA, NWH, Tex.Civ.App., 348 S.W.2d 72; Stephens v. Decker, Eastland CCA, NWH, Tex.Civ.App., 433 S.W.2d 28; 3 Tex.Jur.2d Sec. 50, pp. 313, 314.

■ In the case at bar all rights and issues involved in this appeal ceased to exist when the second sets of writs of execution were issued, the property seized and sold, and the proceeds credited on the judgment. The issues and points raised as to the validity of the trial court's order quashing the original writs of execution are thus moot, and appellees' motion to dismiss is sustained.

■ Since this case has become moot we express no opinion on any of the law questions involved, or upon the validity of the trial court's order quashing the first set of writs of execution. State v. Society for Friendless Children, supra.

Appeal dismissed.