NO. 12-01-00322-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ELDRIDGE MOAK, ADMINISTRATOR
§
 APPEAL FROM THE SECOND

of the ESTATE of WALTER E. BAILEY and

as CO-ADMINISTRATOR of the ESTATE of

ALIBE CARTER BAILEY, in rem only,

WILLIAM E. BAILEY, individually and as

CO-ADMINISTRATOR of the ESTATE of

ALIBE CARTER BAILEY, in rem only, and

ROBERT E. BAILEY, individually and as

CO-ADMINISTRATOR of the ESTATE of


ALIBE CARTER BAILEY, in rem only,
§
 JUDICIAL DISTRICT COURT OF

APPELLANTS


V.


COUNTY OF CHEROKEE, CITY OF

JACKSONVILLE, and CHEROKEE

COUNTY APPRAISAL DISTRICT, 

APPELLEES
§
 CHEROKEE COUNTY, TEXAS

 

MEMORANDUM OPINION


 This is a suit for the collection of delinquent ad valorem taxes and for foreclosure of tax liens
on real property owned by the estate of Walter E. Bailey, deceased. Appellants are Eldridge Moak,
administrator of that estate and co-administrator of the estate of Alibe Carter Bailey, and the heirs,
William E. Bailey and Robert E. Bailey, both individually and as co-administrators of the estate of
Alibe Carter Bailey. The trial court granted a motion for summary judgment in favor of Appellees,
Cherokee County, the City of Jacksonville, and the Cherokee County Appraisal District, awarding
those taxing authorities a total of $512,806.87. The court also ordered foreclosure of the liens on 
twenty-five of the twenty-eight tracts of land involved. Appellants assert four issues. We affirm the
trial court's judgment.


Background

 In 1973, Walter E. Bailey died intestate in Cherokee County. His widow, Alibe Carter Bailey,
began probate proceedings in the probate court in Cherokee County and was named as administratrix
of the estate. At the time of his death, Walter E. Bailey owned real property in several counties
including Cherokee County. The estate has not paid all ad valorem taxes assessed during the
pendency of the estate. Alibe Carter Bailey died in 1992. Eventually, Eldridge Moak was named
administrator of the Walter E. Bailey estate and co-administrator of the estate of Alibe Carter Bailey.

 In 1987, the taxing authorities, Appellees in the case presently before us, filed suit against
Alibe Carter Bailey, William E. Bailey, and Robert E. Bailey in the Cherokee County District Court. 
In 1993, that case was heard by the Texas Supreme Court and reported as Bailey v. Cherokee County
Appraisal Dist., 862 S.W.2d 581 (Tex. 1993) (op. on reh'g). That court held that the taxing
authorities' suit should have been filed in the probate court in which the administration was pending,
the Cherokee County Court at Law. Id. at 585. Thereafter, the taxing authorities filed their suit in
the Cherokee County Court at Law. On August 13, 1997, the probate court entered an "Order
Establishing Procedures for Escrow of Taxes Involving Sales of Real Estate" in the probate
proceeding. The order was agreed upon by the taxing authorities and the administrator of the estate. 
Pursuant to the order, the taxing authorities agreed to relinquish liens on the property in favor of
substituted liens on the sales proceeds of any sale of estate-owned real property that might be sold by
order of the probate court. 

 In 1999, the taxing authorities moved to abate their suit in probate court to pursue it in district
court. Thereafter, on November 15, 1999, pursuant to Texas Tax Code Section 33.41, Cherokee
County filed this suit in a Cherokee County district court. It later amended its pleadings, naming as
defendants Eldridge Moak, administrator of the estate of Walter E. Bailey and co-administrator of the
estate of Alibe Carter Bailey, in rem only, William E. Bailey, individually and as co-administrator of
the estate of Alibe Carter Bailey, in rem only, and Robert E. Bailey, individually and as co-administrator of the estate of Alibe Carter Bailey, in rem only, to recover delinquent taxes and accrued
penalties and interest on twenty-six tracts of land. The City of Jacksonville and the Cherokee County
Appraisal District intervened in the suit, seeking to recover delinquent taxes owed by the Walter E.
Bailey estate. 

 Appellants filed a special appearance, plea in abatement, and motion for sanctions against
Appellees. All were denied by the trial court. Appellees filed a motion for summary judgment
accompanied by forty-four exhibits asserting entitlement to summary judgment as a matter of law. 
Appellants filed a response, supported by numerous documents, asserting the trial court lacked
jurisdiction, Appellees' claims were barred by limitations, and that five affidavits relied upon by
Appellees should be stricken. Appellees filed objections to portions of Appellants' summary
judgment evidence, most of which were sustained by the trial court. The trial court granted the taxing
authorities' motion for summary judgment, awarding them a total of over $500,000 and ordering
foreclosure of the liens on the property.


Jurisdiction

 In their first issue, Appellants contend the trial court lacked jurisdiction over this suit because
the claims for delinquent ad valorem taxes were claims against the estate of Walter E. Bailey over
which the Cherokee County Court at Law sitting in probate had exclusive jurisdiction. They would
have us apply certain provisions of the Probate Code and the supreme court's holding in Bailey v.
Cherokee County Appraisal District to reach this conclusion. They further argue that Appellants are
estopped from asserting that the probate court does not have jurisdiction because they agreed to be
bound by that court's August 13, 1997 "Order Establishing Procedures for Escrow of Taxes Involving
Sales of Real Estate."

 In 1999, the legislature added Section 5C to the Probate Code. It specifically applies to a
decedent's estate that is being administered in a pending probate proceeding, claims an interest in
property against which a taxing unit has imposed ad valorem taxes that are delinquent, and is not
being administered as an independent administration. Tex. Prob. Code Ann. § 5C (Vernon 2003). 
The Walter E. Bailey estate meets those requirements and therefore Section 5C applies. That section
provides that if the probate proceedings have been pending for four years or less, the taxing unit may
present a claim for the delinquent taxes in the probate proceedings. Id. at § 5C(c). In that situation,
the taxing unit must present its claim as required by Parts 4 and 5 of Chapter VIII of the Probate Code. 
Id. at § 5C(d). 

 On the other hand, if the probate proceeding has been pending for more than four years in the
county in which the taxes were imposed, and the taxing unit did not present a claim under Section
5C(c), the taxing unit must bring suit under Section 33.41 of the Tax Code. Id. at § 5C(e). Section
33.41 provides that suit must be brought in a court of competent jurisdiction for the county in which
the tax was imposed. Tex. Tax Code Ann. § 33.41 (Vernon 2001). The Texas Constitution provides
that, unless exclusive, appellate, or original jurisdiction is conferred on another court, the district court
has jurisdiction. Tex. Const. art. V, § 8. Accordingly, delinquent tax suits are ordinarily to be
brought in district courts. Tex. Tax Code Ann. § 33.41; Shenandoah v. Jimmy Swaggart
Evangelistic Ass'n, 785 S.W.2d 899, 904 (Tex. App.-Beaumont 1990, writ denied). Therefore,
although Section 5A of the Probate Code includes enforcement of liens on land among those
enumerated matters to be heard in statutory county courts at law when incident to an estate, new
Section 5C(e) provides an exception to that general rule. Tex. Prob. Code Ann. § 5C(e). 

 We acknowledge that the supreme court in Bailey v. Cherokee County Appraisal District held
that a suit to collect ad valorem taxes accruing on estate property should be filed in the probate court
in which the administration is pending. Bailey, 862 S.W.2d at 585. However, the law regarding
jurisdiction set out in that 1993 case has been superseded by the Probate Code's new Section 5C. 
That section became effective September 1, 1999 and applies to all cases pending on that date or
brought after that date. Act of May 30, 1999, 76th Leg., R.S., ch. 1481, § 52, 1999 Tex. Gen. Laws
5097, 5115; Phifer v. Nacogdoches County Cent. Appraisal Dist., 45 S.W.3d 159, 167 (Tex.
App.-Tyler 2000, pet. denied) (op. on reh'g).

 Finally, we do not agree that, because Appellees agreed to be bound by the probate court's
escrow order, they are estopped from asserting that the Cherokee County Court at Law does not
presently have jurisdiction. Even assuming the probate court had jurisdiction over these taxing
authorities at the time the order was entered, as we have explained above, the 1999 amendments to
the Probate Code divested the probate court of jurisdiction. See Tex. Prob. Code Ann. § 5C. 
Accordingly, we overrule Appellants' first issue.



Personal Liability

 In their second issue, William E. Bailey and Robert E. Bailey assert they were never proper
parties to this lawsuit in their individual capacities and cannot be personally liable for any of
Appellees' claims. They further assert that suit against them and Eldridge Moak in their capacity as
co-executors of the estate of Alibe C. Bailey is objectionable because all of the claims against Mrs.
Bailey's estate are in reality claims against the estate of Walter E. Bailey. They contend the trial court
should have granted their motion for sanctions which was filed pursuant to Rule 13 of the Texas Rules
of Civil Procedure and based on these arguments.

 We note the record does not include an order ruling on Appellants' motion for sanctions. 
Therefore, that issue has not been preserved for review. See Tex. R. App. P. 33.1. Further, the
Appellees' petitions assert claims against Appellants "in rem only" and do not seek to hold any of the
Appellants personally liable. Tax liens attach upon the land rather than upon the person, and a
foreclosure suit is a proceeding "in rem" rather than "in personam." Phifer, 45 S.W.2d at 168. 
Moreover, the trial court's judgment specifically allows recovery from Eldridge Moak, in his capacity
as administrator of the estate of Walter E. Bailey. The judgment further states that Appellees are to
recover "judgment for all costs of suit and sale now or hereafter incurred, provided, however, that no
personal money judgment for any amount is granted against any Defendant named herein other than
the estate of Walter E. Bailey." Accordingly, we overrule Appellants' second issue as moot.


Summary Judgment

 In their third issue, Appellants assert the trial court erred in granting Appellees' motion for
summary judgment because they failed to show entitlement to judgment as a matter of law. 
Appellants argue that Appellees' assertion of claims for delinquent taxes in the earlier district court
case constituted presentment of claims against the estate as contemplated by the Probate Code. 
Therefore, Appellees, who Appellants contend were required to comply with Probate Code Section
313, failed to comply, thereby triggering the limitations bar. Appellants further argue that Appellees'
failure to bring suit within sixty days of the supreme court's October 27, 1993 mandate resulted in a
limitations bar pursuant to Texas Civil Practice and Remedies Code Section 16.064(a). Appellants
also assert that Appellees' claims for tax years 1975 to 1978 are barred by the twenty-year statute of
limitations under Property Tax Code Section 33.05. Therefore, the argument continues, the judgment
erroneously awards Appellees a total of $4,723.22 for taxes assessed in those years. Appellants also
contend the trial court erred in not striking the affidavits of J. L. Flowers, Linda Beard, Linda Pittillo,
and Sid Danner. Finally, Appellants argue that the trial court erred in striking portions of their
summary judgment evidence.

Applicable Law

 To obtain a summary judgment, the movant has the burden of showing that there is no genuine
issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). 
In deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the non-movant will be taken as true. Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d
546, 548-49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor. Id. at 549.

 A plaintiff, as movant, must conclusively prove all essential elements of his claim. MMP, Ltd.
v. Jones, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam). Once a movant has established the right to a
summary judgment on the issues presented, the non-movant has the burden of introducing evidence
that raises issues of fact. Mott v. Montgomery County, 882 S.W.2d 635, 640 (Tex. App.- Beaumont
1994, writ denied). A party who opposes a motion for summary judgment on the basis of an
affirmative defense must raise a fact issue on that defense. Nichols v. Smith, 507 S.W.2d 518, 520
(Tex. 1974) (op. on reh'g). The non-movant's evidence must be of probative force. Mott, 882 
S.W.2d at 640.

 Section 33.47 of the Tax Code provides that the delinquent tax roll constitutes prima facie
evidence that all requirements of law relating to the imposition of the tax have been complied with. 
See Tex. Tax Code Ann. § 33.47(a) (Vernon 2001). With that evidence, and in the absence of any
summary judgment proof to the contrary, the taxing authorities will have discharged their burden of
establishing as a matter of law that there was no genuine issue of fact upon any essential element of
their causes of action for the taxes due. Beets v. Malakoff Indep. Sch. Dist., 589 S.W.2d 188, 189
(Tex. Civ. App.-Tyler 1979, writ ref'd n.r.e.).

Appellees' Motion and Supporting Evidence

 On March 1, 2001, the taxing authorities filed their motion for summary judgment asserting
entitlement to judgment as a matter of law on their claims for delinquent taxes. Their motion, which
was accompanied by forty-four exhibits, also thoroughly addressed each of the affirmative defenses
raised by Appellants in their special appearance and plea in abatement. In support of their claims for
delinquent taxes Appellees presented three affidavits with attachments showing the taxes owed. J.
L. Flowers, Chief Appraiser of Cherokee County and Tax Assessor-Collector for Jacksonville
Independent School District and Cherokee County Education District, certified to the accuracy of the
attached copies of entries of delinquent tax records showing taxes imposed on estate property by the
school district and education district, together with penalties and interest, for the years 1981 to 2001. 
The total due to the Appraisal District as of March 2001 was $308,950.22.

 Linda Beard, Tax Assessor-Collector for Cherokee County, certified that attached documents
were accurate copies of entries from the delinquent tax records showing taxes imposed on estate
property by the county, together with penalties and interest, for the years 1975 to 1999. The total due
to Cherokee County as of March 2001 was $110,813.50.

 The tax collector for the city of Jacksonville, Linda Pittillo, certified that attached documents
were correct reproductions of the entries on the city's delinquent tax rolls showing taxes, penalties
and interest due on estate property for the years 1985 to 2000. The total due to the city of Jacksonville
as of March 2001 was $94,668.41.

The Affidavits

 Appellants contend that the trial court erred in not striking affidavits relied upon by Appellees
in support of their motion for summary judgment. They complain that J. L. Flowers, chief appraiser
for Cherokee County, incorrectly stated that his office had no record of an authenticated claim against
the estate of Walter E. Bailey dated earlier than July 14, 1994. They complain that Linda Beard, tax-assessor-collector for Cherokee County, incorrectly stated that her office had no record of any
authenticated claim against the estate dated earlier than August 18, 1994. They also assert that she
failed to identify several claims made against the estate prior to that date. Appellants make the same
argument with regard to the affidavit of Linda Pittillo, tax collector-assessor for the City of
Jacksonville. Appellants further claim that the affidavit of Sid Danner, former chief appraiser of
Cherokee County and tax collector for the Jacksonville Independent School District, should be
stricken because of alleged discrepancies between his affidavit and his testimony at an April 4, 2002

hearing regarding dates of claim presentment and because it allegedly incorrectly identifies the first
claim he presented to the estate. Finally, Appellants assert that these affidavits create conflicting
statements regarding dates claims were presented, thereby creating a fact issue precluding summary
judgment.

 No trial court ruling on Appellants' objections to the affidavits appears in the record. In the
absence of a trial court ruling holding the affidavits inadmissible, we may properly consider them. 
See Sem v. State, 821 S.W.2d 411, 414 (Tex. App.-Fort Worth 1991, no writ). Further, this
complaint is immaterial because the Probate Code's presentment requirements do not apply here. 
Effective September 1, 1999, provisions of the Probate Code relative to the presentment of claims do
not apply to a claim for delinquent ad valorem taxes against a decedent's estate that is being
administered in probate in the same county in which the taxes were imposed, if the probate
proceedings have been pending for more than four years. Tex. Prob. Code Ann. § 317(c)(3)(B)
(Vernon 2003). Amended Section 317(c)(3) is specifically made applicable to the estates of all
decedents regardless of the date of death and to all causes of action pending on September 1, 1999,
or brought after that date. Act of May 30, 1999, 76th Leg., R.S., ch. 1481, § 52, 1999 Tex. Gen. Laws
5097, 5115. Accordingly, Appellants' argument that Appellees' summary judgment evidence failed
to show compliance with the Probate Code's presentment requirements and thereby dooming their
case to a limitations bar simply misses the mark. Appellants have not attacked the veracity of the
pertinent portions of the affidavits or the attached delinquent tax rolls or raised any relevant
objections. Therefore, we consider the evidence presented by the taxing authorities.

Matter of Law

 Through their summary judgment proof, the taxing authorities have met their burden to show
that the taxes were properly imposed, due, and owing. See Tex. Tax Code Ann. § 33.47; Beets, 589
S.W.2d at 189. Accordingly, they proved all essential elements of their claim, showing there is no
issue of material fact and that they are entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c). The burden then shifted to Appellants to present summary judgment evidence raising an
issue of fact. Mott, 882 S.W.2d at 640.

Appellants' Response

 Appellants filed a response asserting that five affidavits should be stricken, the trial court lacks
jurisdiction, Appellees are estopped from asserting their claims in the district court, Appellees' claims
are barred by limitations pursuant to the Probate Code, and, generally, there are issues of fact
precluding summary judgment. The response was accompanied by sixteen exhibits including the
affidavit and deposition testimony of William E. Bailey and copies of several documents that had been
filed in the probate court proceeding.

Appellants' Summary Judgment Evidence

 The taxing authorities filed objections to portions of Appellants' summary judgment evidence. 
The trial court sustained most of the objections. Appellants now complain that this was error. The
sustained objections covered fifteen paragraphs in William E. Bailey's March 23, 2001 affidavit, three
lines in his July 15, 1997 deposition, and one document that had been filed in the probate court on
December 28, 1993. The topics of these items fall into three categories: whether the taxing authorities
claims are barred by limitations under the Probate Code, whether Alibe C. Bailey received tax bills
or notices of delinquent taxes, and whether Alibe C. Bailey had a chance to file protests on valuations
of the property at issue. 

 As we explained above, the provisions of the Probate Code that address limitations are not
applicable to this case. Therefore, the trial court did not err in striking those immaterial portions of
Appellants' summary judgment evidence. Tex. R. Civ. P. 166a(c). As to the other two categories,
we find no argument in the body of the response discussing the effect, impact, or importance of the
statements made about those topics. We do not consider on appeal grounds not raised in the trial
court in opposition to a summary judgment motion. City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 676 (Tex. 1979). By written answer or response to the motion, the nonmovant must
fairly apprise the movant and the trial court of the issues the nonmovant contends should defeat the
motion for summary judgment. Id. at 678. As these grounds were not urged in the trial court, the trial
court did not err in striking portions of Appellants' evidence addressing these grounds.

Twenty-Year Limitation Period

 Finally, Appellants assert under their third issue that the taxing authorities' claims for taxes
for years prior to 1978 are barred by the Tax Code's twenty-year limitation period. See Tex. Tax
Code Ann. § 33.05(a)(2) (Vernon 2001). While we are unable to locate in the record any indication
this issue was brought to the trial court's attention, we shall address it. 

 The County presented evidence of unpaid taxes beginning in 1975 and the Appraisal District
presented evidence of unpaid taxes beginning in 1976. The parties agree the delinquency date for one
year's taxes was February 1 of the following year. Therefore, applying the twenty-year limitations
period, the County had until February 1, 1996 to bring suit for the unpaid 1975 taxes and the
Appraisal District had until February 1, 1997 to bring suit for the unpaid 1976 taxes. The County filed
its suit on rejected claims in the probate court on November 17, 1994. The Appraisal District filed
its suit on rejected claims in the probate court on February 6, 1995. Those suits, which were brought
within the twenty-year period, were abated by order dated November 10, 1999. The probate court
abated the suits so the question of jurisdiction could be resolved. The County filed this suit in the
district court on November 15, 1999 and the Appraisal District intervened on December 15, 1999. 

 As explained above, the probate court was divested of jurisdiction over this case by new
Section 5C of the Probate Code. See Tex. Prob. Code Ann.§ 5C(e). Pursuant to that amendment,
the district court had jurisdiction over the taxing authorities' claims against the estate. The savings
provision of Texas Civil Practice and Remedies Code Section 16.064 is applicable here. That section
provides that the period between the date of filing an action in a trial court and the date of a second
filing of the same action in a different court suspends the running of the statute of limitations for the
period if the first court dismisses the action for want of jurisdiction and the action is commenced in
the court of proper jurisdiction within sixty days after that dismissal. Tex. Civ. Prac. & Rem. Code
Ann. § 16.064 (Vernon 1997). These tolling provisions are remedial in nature and are to be liberally
construed. Vale v. Ryan, 809 S.W.2d 324, 326 (Tex. App.-Austin 1991, no writ). Although the
probate court apparently had jurisdiction at the time the taxing authorities filed suit there, its
jurisdiction terminated after the 1999 amendment became effective. See Bekins Moving & Storage
Co. v. Williams, 947 S.W.2d 568, 574 (Tex. App.-Texarkana 1997, no writ) (Savings provision
applied where plaintiff amended pleadings to seek damages beyond jurisdiction of first court.). The
effect of the probate court's order of abatement is the same as a dismissal for want of jurisdiction. 
The Section 16.064 savings provision applies here, where the taxing authorities had complied with
the law but, while their suit was pending, were at the mercy of the legislature's changes. Accordingly,
none of Appellees' claims are barred by the twenty-year statute of limitations. We overrule
Appellants' third issue.


Constitutionality of Amendment

 In their fourth issue, Appellants contend that the amendment to Section 317(c) of the Probate
Code is an ex post facto law in violation of the Texas Constitution. That amendment eliminated the
requirement that the taxing authorities present their claims to the estate's representative and then file
suit within ninety days of rejection of the claims. Appellants argue that Appellees' act of filing suit
in Bailey v. Cherokee County Appraisal District was tantamount to presentment of their claims. 
Therefore, because Bailey was dismissed on jurisdictional grounds, the savings provision of Section
16.064 of the Texas Civil Practice and Remedies Code applied, and Appellants were required to file
suit in the probate court within sixty days after the supreme court's mandate issued in Bailey. Further,
because Appellees did not do so within sixty days, they did not timely file suit after rejection of their
claims. Therefore, Appellants assert, they had a valid defense to Appellees' lawsuit, the affirmative
defense of limitations. Further, the argument continues, the amendment eliminated that defense, upon
which they had a right to rely, and the amendment is therefore unconstitutional.

 The Probate Code sets out the required procedures for requesting payment of a claim against
an estate. See generally Tex. Prob. Code Ann., ch. 8, pt. 4 (Vernon 2003). Section 317(c), effective
September 1, 1999, changed the law as it applied to Appellees. That section provides:


 The foregoing provisions relative to the presentment of claims shall not be so construed as to apply to
a claim. . . . for delinquent ad valorem taxes against a decedent's estate that is being administered in
probate in. . . . the same county in which the taxes were imposed, if the probate proceedings have been
pending for more than four years. 



Tex. Prob. Code Ann. § 317(c). 

 Article I, Section 16 of the Texas Constitution provides: "No bill of attainder, ex post facto
law, or any law impairing the obligation of contracts, shall be made." Tex. Const. art. I, § 16. A
procedural statute cannot be given application to a suit pending at the time it becomes effective if to
do so would destroy or impair rights which had become vested before the new statute became
effective. Wilson v. Work, 122 Tex. 545, 547, 62 S.W.2d 490, 490 (1933) (orig. proceeding). After
a cause has become barred by the statute of limitations, the defendant has a vested right to rely on such
statute as a defense and the right to assert that defense cannot be taken away by legislative enactment. 
Id. On the other hand, no litigant has a vested right in a statute or rule which affects a remedy or is
procedural in nature and which affects no vested substantive right. Ex parte Abell, 613 S.W.2d 255,
260 (Tex. 1981) (orig. proceeding). Changes in such statutes are considered remedial in nature and
have been held not to violate the provisions of Article I, Section 16 of the constitution. Id.

 When construing statutory provisions, we are required to attempt to determine the intent of
the legislature. Union Bankers Ins. Co. v. Shelton, 889 S.W.2d 278, 280 (Tex. 1994); City of El
Paso v. El Paso Cmty. Coll. Dist., 729 S.W.2d 296, 298 (Tex. 1986). We may consider, among other
matters, the object sought to be obtained, the circumstances under which the statute was enacted, the
legislative history, and the former statutory provisions. Tex. Gov. Code Ann. § 311.023 (Vernon
1998). Statutes are given a construction consistent with constitutional requirements, when possible,
because the legislature is presumed to have intended compliance with the constitution. Brady v.
Fourteenth Court of Appeals, 795 S.W.2d 712, 715 (Tex. 1990) (orig. proceeding) (op. on reh'g). According to an analysis of the bill containing the proposed amendment to Section 317(c), the
purpose of the amendment, in pertinent part, was to clarify directive actions in the administration of
property taxes and codify current practice in case law into statutory law. Ways & Means Comm.,
Bill Analysis, Tex. H.B. 3549, 76th Leg., R.S. (1999). The Legislative Budget Board explained in
its fiscal note that the amendments would "allow taxing units and their agents to collect current and
delinquent property taxes more effectively and expediently." Fiscal Note, Tex. H.B. 3549, 76th
Leg., R.S. (1999). It further stated that "[t]he provisions in the bill concerning tax bills and ad
valorem tax collections would provide administrative cost benefits to local governments and their
collecting agents." Id. Therefore, to interpret the application of Section 317(c) in a manner that
deprived the taxing authorities of the opportunity to collect delinquent taxes would be inconsistent
with the legislature's intent.

 Appellants rely on the supreme court's opinion in Bailey to argue that they have lost their
affirmative defense of limitations. Appellants have misconstrued that opinion. There, the supreme
court held that "the present suit constitutes a claim against the estate which should have been filed in
the probate court." Bailey, 862 S.W.2d at 582. That court did not hold that the suit was a
"presentment" of claims against the estate as contemplated by the Probate Code. The supreme court
simply identified, or categorized, the type of suit brought by the taxing authorities as involving issues
falling into the definition of "matters incident to the estate." By doing so, the court determined a
jurisdictional question only. The court held that the suit constitutes a claim against the estate for
purposes of determining which court had jurisdiction. Id. at 585. The court also held that the Bailey
heirs could not be held personally liable. Id. at 586. 

 The supreme court dismissed the taxing authorities' claims, thereby placing the parties in the
same position they were in before the lawsuit was filed. See Peoples v. Scott, 189 S.W.2d 522, 523
(Tex. App.-San Antonio 1945, no writ). The supreme court specifically held that its disposition was
without prejudice to any right of the taxing authorities to present claims incident to the estate in the
probate court. Bailey, 862 S.W.2d at 586. Pursuant to Section 298 of the Probate Code, a claim may
be presented to the personal representative at any time before the estate is closed if suit on the claim
has not been barred by the general statute of limitations. Tex. Prob. Code Ann. § 298 (Vernon
2003). A twenty-year limitations period applies to the collection of delinquent taxes. Tex. Tax Code
Ann. §33.05(a)(2). As explained above, the earliest limitations would run on any of the taxing
authorities' claims was February 1, 1996. Therefore, Appellees' 1994 and 1995 suits were timely as
to all claims asserted and Appellants have no vested limitations defense. It follows that application
of Section 317(c) to this cause did not unconstitutionally deprive Appellants of said defense. See Ex
parte Abell, 613 S.W.2d at 260. We overrule Appellants' fourth issue.


Conclusion

 Jurisdiction over this suit lies with the district court. William E. Bailey and Robert E. Bailey
were not impermissibly held personally liable. The trial court did not err in ruling as it did on the
parties' objections to summary judgment evidence or in granting Appellees' motion for summary
judgment. No part of Appellees' claims are barred by limitations. The 1999 amendments to the
Probate Code are not unconstitutional as applied to this suit.

 Accordingly, we affirm the trial court's judgment.

 SAM GRIFFITH 

 Justice


Opinion delivered May 21, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.


(PUBLISH)