COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO. 2-09-053-CV

 

 

DAVID R. HUETTEN                                                           APPELLANTS

AND PEGGY HUETTEN

 

                                                   V.

 

SAN DIEGO NATIONAL BANK                                                  APPELLEE

 

                                              ------------

 

           FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                  MEMORANDUM OPINION[1]
AND JUDGMENT

 

                                              ------------








In March
2008, the trial court awarded Appellee San Diego National Bank a judgment
against Appellants David R. Huetten and Peggy Huetten as well as Cavender
Gardens Partners, LLC.  No one appealed
from this judgment.  On November 19,
2008, the trial court granted Appellee=s
application for turnover, charging order, and injunctive relief against
Appellants.  Appellants timely appealed
but did not supersede the order.[2]  Appellee obtained a writ of execution and
submitted it to the Tarrant County Constable. 
The constable levied upon the property named in the turnover order and
took possession of it.  He provided a
notice of sale and later sold the property at a public auction to the highest
secured bidder, Appellee.

Appellee
has filed a motion to dismiss the appeal as moot, arguing that the sale of the
property renders this appeal moot. 
Appellants= response does not provide
meritorious grounds for continuing the appeal. 
Accordingly, because the sale of the property renders this appeal moot,[3]
we grant Appellee=s motion and dismiss this appeal
as moot.[4]

PER
CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  July 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 24.1; Schultz
v. Fifth Judicial Dist. Court of Appeals, 810 S.W.2d 738, 739 n.3 (Tex.
1991) (AWhether such an order
[under the turnover statute] is properly classified as a money judgment or an
injunction, it can be superseded.@), abrograted on other grounds, In re
Sheshtawy, 154 S.W.3d 114, 124B25 (Tex. 2004).





[3]See Loret v. Ford, 559 S.W.2d 95, 96 (Tex.
Civ. App.CEl Paso 1977, writ dism=d); Parkmont Prods.
Corp. v. Walker, 511 S.W.2d 75, 76 (Tex. Civ. App.CWaco 1974, no writ); Toudouze
v. Urban Renewal Agency of City of San Antonio, 404 S.W.2d 821, 821 (Tex.
Civ. App.CSan Antonio 1966, writ
ref=d n.r.e.) (AIt is now apparent that
the relief sought by appellants cannot be granted them, because it appears that
the thing they were trying to prevent from happening has already happened.  This appeal is now moot.@).





[4]See Tex. R. App. P. 43.2(f).