

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-053-CV

DAVID R. HUETTEN                                                    APPELLANTS
AND PEGGY HUETTEN

V.

SAN DIEGO NATIONAL BANK                                               APPELLEE

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1] AND JUDGMENT

------------

In March 2008, the trial court awarded Appellee San Diego National Bank a judgment against Appellants David R. Huetten and Peggy Huetten as well as Cavender Gardens Partners, LLC. No one appealed from this judgment. On November 19, 2008, the trial court granted Appellee's application for turnover, charging order, and injunctive relief against Appellants. Appellants timely

---

[1] *See* Tex. R. App. P. 47.4.

appealed but did not supersede the order.[2]  Appellee obtained a writ of execution and submitted it to the Tarrant County Constable.  The constable levied upon the property named in the turnover order and took possession of it. He provided a notice of sale and later sold the property at a public auction to the highest secured bidder, Appellee.

Appellee has filed a motion to dismiss the appeal as moot, arguing that the sale of the property renders this appeal moot.  Appellants' response does not provide meritorious grounds for continuing the appeal.  Accordingly, because the sale of the property renders this appeal moot,[3] we grant Appellee's motion and dismiss this appeal as moot.[4]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  July 16, 2009

---

[2] *See* Tex. R. App. P. 24.1; *Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 739 n.3 (Tex. 1991) ("Whether such an order [under the turnover statute] is properly classified as a money judgment or an injunction, it can be superseded."), *abrograted on other grounds*, *In re Sheshtawy*, 154 S.W.3d 114, 124–25 (Tex. 2004).

[3] *See Loret v. Ford*, 559 S.W.2d 95, 96 (Tex. Civ. App.—El Paso 1977, writ dism'd); *Parkmont Prods. Corp. v. Walker*, 511 S.W.2d 75, 76 (Tex. Civ. App.—Waco 1974, no writ); *Toudouze v. Urban Renewal Agency of City of San Antonio*, 404 S.W.2d 821, 821 (Tex. Civ. App.—San Antonio 1966, writ ref'd n.r.e.) ("It is now apparent that the relief sought by appellants cannot be granted them, because it appears that the thing they were trying to prevent from happening has already happened.  This appeal is now moot.").

[4] *See* Tex. R. App. P. 43.2(f).