

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00068-CV

_____

OAK POINT BOARD OF ADJUSTMENT, Appellant

V.

JEFF HOULE, Appellee

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2018-03798

Before Gabriel, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In two issues, appellant Oak Point Board of Adjustment (Board) appeals from the trial court's denial of its plea to the jurisdiction and a related order on appellee Jeff Houle's petition for writ of certiorari, which Houle brought under Section 211.011 of the Texas Local Government Code.[1]  *See* Tex. Loc. Gov't Code Ann. § 211.011.  In its first issue, the Board asserts that while this appeal has been pending, Houle's claims against it have become moot.  Because we agree, we vacate the challenged orders and dismiss Houle's claims against the Board for want of jurisdiction.

## II. BACKGROUND

The City of Oak Point (City) has a zoning ordinance establishing a 50-foot front-yard setback in the residential neighborhood at issue in this appeal.  Houle

---

[1]Texas Civil Practice and Remedies Code Section 51.014(a)(8) authorizes a party to bring an interlocutory appeal from an order that grants or denies a governmental unit's plea to the jurisdiction.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).  The basis of the Board's jurisdictional plea in the trial court was that Houle had not timely filed his petition for writ of certiorari.  In addition to denying the Board's plea, the trial court separately granted Houle's petition for writ of certiorari.  In that order, the trial court included a finding that Houle had filed the petition "in the proper time."  Because the timeliness of Houle's writ petition had formed the basis of its jurisdictional plea, the Board also appealed that portion of the writ order under the auspices of Section 51.014(a)(8).  Although Houle has filed a motion arguing that, contrary to the Board's assertion, our jurisdiction under Section 51.014(a)(8) does not extend to reviewing the trial court's order granting his petition for writ of certiorari, we do not offer any opinion on that question because as we explain in this opinion, our disposition does not require us to do so.  *See* Tex. R. App. P. 47.1.

resides in that neighborhood, as does a nearby neighbor, Bobby Pope. In March 2018, Pope got a permit from the City allowing him to build a shed in an area of his property that was supposedly outside the front-yard setback. But sometime after the shed was built, the City learned that the construction plans upon which it had based its decision to grant Pope's permit contained a miscalculation of the location of Pope's front property line. As a result, instead of being located outside the front-yard setback, Pope's newly constructed shed actually encroached four feet into it. This discovery led the City to initiate a variance request with the Board in order to secure approval for the encroachment. In November 2018, the Board held a public hearing on the request and then approved it, subject to the conditions that the variance would apply only to the existing shed and that the 50-foot setback would remain in effect for any new structure that was proposed, as well as to Pope's newly built shed if it were ever moved.

Dissatisfied with the Board's decision to grant the variance, Houle attempted to challenge it by filing a pro se petition for writ of certiorari in the county court at law. *See* Tex. Local Gov't Code Ann. § 211.011. The parties dispute whether Houle named the Board as a defendant in his original petition, but resolving that dispute is not necessary to the disposition of this appeal. *See* Tex. R. App. P. 47.1. For our purposes, it is enough to say that Houle ultimately amended his petition, and it is undisputed that his live pleading names both the City and the Board as defendants. In his amended petition, Houle asserts that the Board's variance decision was illegal

3

because it was "arbitrary, capricious, [and] unauthorized, [was] not support[ed] by evidence, and [was] contrary to law." As to the City, Houle alleged that its "procedures in enforcing its zoning ordinances violate[d] due process and equal protection." Houle further alleged that the City's and the Board's conduct had "amounted to gross negligence, bad faith, or malice."

The specific relief Houle wanted from the trial court was for it to issue a writ of certiorari directed to the City and the Board to review both the City's building permit decision and the Board's variance decision; to hold a hearing and review those respective decisions; and to issue an order reversing those decisions.

Both the City and the Board responded to Houle's petition by filing pleas to the jurisdiction, but they did so based on differing theories. The theory the Board asserted was that Houle's petition had not been timely filed. The trial court granted the City's plea, a decision that is not at issue in this appeal. But the trial court denied the Board's plea. The trial court then granted Houle's amended petition for writ of certiorari. That order contained an express finding that Houle's petition "was filed in the proper time and [was] sufficiently pled." The Board filed this interlocutory appeal seeking review of both the order denying its plea to the jurisdiction and the order granting Houle's amended petition.

## III. DISCUSSION

In its brief, the Board asserts that Houle's claims against it have become moot on account of events that have transpired while this appeal has been pending.

4

Specifically, the Board claims that Pope's shed has been moved to an area of his property that is entirely outside the front-yard setback. To support its assertion that Pope's shed now sits entirely outside the front-yard setback, the Board attached to its brief an affidavit from Oak Point City Planner Michael Coker. In the affidavit, Coker avers that on May 14, 2019, he went to Pope's residence to verify the location of the shed. Coker states that he measured the shed's position relative to Pope's front property line and confirmed that the shed rests entirely behind the front-yard setback. In his brief, Houle does not dispute the Board's assertion that the shed no longer infringes the setback, and although he attached numerous documents to his brief, nothing in the attached documents contradicts Coker's testimony that the shed no longer encroaches the setback.

## A.    Mootness

Our jurisdiction extends only to cases in which an actual controversy exists. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). Thus, we have no authority to decide a case that has become moot during the pendency of the litigation. *See Briones v. Brazos Bend Villa Apartments*, 438 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2014, no pet.). An issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy. *See Meeker v. Tarrant Cty. Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied). If a case is or becomes moot, we must vacate

5

any order or judgment previously issued and dismiss the case for want of jurisdiction. *Id.*

## B.    Discussion

The Board has established that Pope's shed has been moved to a location that is entirely outside the front-yard setback.[2]  Does this fact moot Houle's claims against the Board?  We conclude it does.

Under the Local Government Code, a board of adjustment may, under certain conditions, "authorize in specific cases a variance from the terms of a zoning ordinance." *See* Tex. Loc. Gov't Code Ann. § 211.009(a)(3).  That is the authority the Board exercised in this case when it granted Pope's variance.  By that decision, the Board effectively excepted Pope's shed from the front-yard setback requirement of the applicable zoning ordinance.  *See id.* § 211.008 (noting that a board of adjustment may make special exceptions to the terms of zoning ordinances in appropriate cases). The practical result of that decision was that Pope's shed, though encroaching the

---

[2]This fact is established by virtue of Coker's uncontradicted affidavit testimony, which is not in the appellate record but instead comes to us in an appendix attached to the Board's brief.  We ordinarily do not consider documents attached to a party's brief that are not otherwise formally included in the appellate record.  *See Ahmed v. Sosa*, 514 S.W.3d 894, 896 (Tex. App.—Fort Worth 2017, no pet.).  There is, however, an exception to this rule:  we may consider documents submitted by the parties that are outside of the appellate record for the limited purpose of determining our own civil jurisdiction.  *See Meeker*, 317 S.W.3d at 759; *Kaufman v. Islamic Soc'y of Arlington*, 291 S.W.3d 130, 139 n.20 (Tex. App.—Fort Worth 2009, pet. denied).  The Board's mootness claim implicates our jurisdiction, *see Meeker*, 317 S.W.3d at 759, and thus we may, and here we do, consider Coker's affidavit, but only for the limited purpose of determining our jurisdiction.

setback, nevertheless did not violate the zoning ordinance and thus could remain where it stood at the time the Board granted the variance.

Houle challenged the Board's decision in the county court at law under Section 211.011 of the Local Government Code. *See id.* § 211.011. According to his live pleading, the relief Houle wants from his claims against the Board is for its variance decision to be reversed so that Pope's shed will no longer be excepted from the zoning ordinance's setback requirements. In other words, by his suit against the Board, Houle seeks to have the Board's variance decision reversed so that Pope's shed will once again be subject to the front-yard setback. But Pope's shed is now subject to that setback.

When the Board granted Pope the variance excepting the shed from the front-yard setback requirements applicable to his residential property, it did so with conditions. One such condition was that if the shed were ever moved from the place it was located when the variance was granted, the 50-foot front-yard setback would once again apply to the shed. Thus, because Pope's shed has been moved, the front-yard setback now applies to the shed, which is the exact relief Houle sought by his claims against the Board in this suit. In other words, the shed's relocation means that Houle has obtained the relief he sought by his claims against the Board, and a judicial determination of the merits of those particular claims cannot have any practical legal effect on an existing controversy. Those claims are therefore moot. *See Meeker*, 317 S.W.3d at 759; *cf. City of Wimberley Bd. of Adjustment v. Creekhaven, LLC*, No. 03-18-

7

00169-CV, 2018 WL 5074580, at *6 (Tex. App.—Austin Oct. 18, 2018, no pet.) (mem. op.) (holding that property owner's Section 211.011 suit challenging a board of adjustment's decision to grant neighbor a variance from zoning ordinance's setback requirements became moot when the variance expired under its own terms while the suit was pending).

Houle offers several reasons why his suit against the Board is not moot, but we find those reasons unpersuasive. First, Houle posits that the relocation of Pope's shed does not moot his claims against the Board because the City allegedly "worked with [Pope]" to accomplish the move. According to Houle, the City's alleged involvement in moving the shed violated Civil Practice and Remedies Code Section 51.014(b), which imposes an automatic stay of all proceedings in the trial court during the pendency of an interlocutory appeal from the trial court's denial of a governmental unit's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b). Houle argues that because the City violated the automatic stay, the shed's relocation is a "legal nullity" and is "void."

As noted, Section 51.014(b), as applicable here, stays all proceedings "in the trial court" pending the resolution of this appeal. *See id.* § 51.014(a)(8), (b). Houle does not assert that the City's alleged involvement in the relocation of Pope's shed included the use of any formal proceedings in the trial court—such as the trial court conducting a hearing or signing an order—while this appeal has been pending. *See In re Univ. of the Incarnate Word*, 469 S.W.3d 255, 259 (Tex. App.—San Antonio 2015,

8

orig. proceeding) (noting that Section 51.014(b)'s stay of "all other proceedings in the trial court" is violated if the trial court conducts hearings and signs orders while the stay is in effect). Rather, he claims that the City's alleged conduct in "working with" Pope to move the shed while this appeal has been pending itself violated Section 51.014(b). Because Section 51.014(b) stays only proceedings in the trial court, Houle's argument hinges on the implicit assumption that working with Pope to move the shed was itself a proceeding in the trial court within the meaning of that provision. That is a novel proposition for which Houle has provided no supporting authority. Simply put, there is no indication that any proceedings have occurred in the trial court while this appeal has been pending, and thus there is no indication that Section 51.014(b)'s stay has been violated.

Second, Houle apparently contends that a party's underlying claims against a defendant cannot become moot on account of events that transpire during the pendency of an interlocutory appeal in which the merits of those claims are not at issue. But that is not so. A suit becomes moot if a justiciable controversy ceases to exist between the parties, and that can occur at any point during the pendency of the suit, including during a governmental unit's interlocutory appeal from the denial of its plea to the jurisdiction. *See City of Krum v. Rice*, 543 S.W.3d 747, 748–50 (Tex. 2017) (noting that a case may become moot at any stage of the legal proceedings, including while on appeal, and holding that respondent's challenge to the validity of a city

9

ordinance was rendered moot by events that transpired while the petitioner's interlocutory appeal from the denial of its plea to the jurisdiction was pending).

Third, Houle argues that his suit against the Board is not moot because even though the shed has been moved, he nevertheless has live issues against the Board. Houle claims issues remain regarding the "sufficiency of proof of proper placement of the shed, whether the shed as relocated otherwise meets building code standards, whether authorization was lawful, and constitutional infringement." But as we have noted, Houle sued the Board under Section 211.011 of the Local Government Code. *See* Tex. Loc. Gov't Code Ann. § 211.011. That provision allows a party to challenge a board of adjustment's decision to grant a variance to a city ordinance. *See id.* It specifically authorizes the court to review a board's variance decision and to "reverse or affirm, in whole or in part, or modify the decision that is appealed." *See id.* § 211.011(f). Here, the only remedy Houle requested against the Board was that the county court reverse its decision granting the variance for Pope's shed so that the shed would once again be subject to the applicable zoning ordinance's setback requirement. As we have explained, he already has that relief.

One final issue Houle claims is still live is his claim for costs against the Board. Under Section 211.011(f), a trial court may assess costs against a board of adjustment only if it "determines that the board acted with gross negligence, in bad faith, or with malice in making its decision." *Id.* In his amended petition, Houle alleged that the Board's variance decision "amounted to gross negligence, bad faith[,] or malice." But

10

a case can become moot even if costs are still at issue. *See Brownsville Indep. Sch. Dist. Bd. of Trustees v. Brownsville Herald*, 831 S.W.2d 537, 539 (Tex. App.—Corpus Christi–Edinburg 1992, no writ); *Grant v. Grant*, 358 S.W.2d 147, 148 (Tex. App.—Waco 1962, no writ) ("The mere fact that a question of costs is involved does not prevent a case from becoming moot, and an appellate court will not ordinarily decide abstract and moot questions merely to determine the question of liability for costs.").

## IV. CONCLUSION

We conclude that Houle's challenge to the Board's decision to grant a variance for Pope's shed became moot with the relocation of Pope's shed. Accordingly, we vacate the trial court's order denying the Board's plea to the jurisdiction and its order granting Houle's petition for writ of certiorari, and we dismiss Houle's claims against the Board only for want of jurisdiction. *See Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 527 (Tex. 2019) ("If a case becomes moot, the court must vacate all previously issued orders and judgments and dismiss the case for want of jurisdiction."). We also dismiss all motions currently pending in this appeal. *See Brewer v. Green Lizard Holdings, L.L.C.*, No. 02-13-00119-CV, 2013 WL 5303064, at *1 (Tex. App.—Fort Worth Sept. 19, 2013, no pet.) (mem. op.) (dismissing pending appellate motions because the case was moot).

11

/s/ Dana Womack

Dana Womack
Justice

Delivered:  December 12, 2019