

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-096-CV

L.H. MEEKER AND BRIAN RUTLEDGE                    APPELLANTS

V.

TARRANT COUNTY COLLEGE DISTRICT                    APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

## I. Introduction

Appellants L.H. Meeker and Brian Rutledge (collectively, Meeker) appeal the trial court's summary judgment in favor of Appellee Tarrant County College District (TCCD). Meeker contends in two issues that the trial court erred by denying Meeker's motion for summary judgment, granting TCCD's motion for summary judgment, and failing to declare that three of TCCD's meeting-agenda notices

violated the Texas Open Meetings Act (TOMA).[1]  Because we hold that events subsequent to the trial court's summary judgment mooted Meeker's appeal, we set aside the trial court's judgment and dismiss this case for lack of subject-matter jurisdiction.

## II.  Factual and Procedural Background

TCCD hired Dr. Leonardo de la Garza as chancellor in 1997.  In subsequent years, TCCD periodically extended the terms of de la Garza's contract, increased his salary, or both.  For example, TCCD extended de la Garza's contract in 2004 "for a three (3) year period to June 30, 2007," and set his salary at $169,600 per year.  By 2007, TCCD had extended de la Garza's contract through June 30, 2008.

In 2007, TCCD gave public notice of a meeting to occur on June 20, 2007.  Relevant to this appeal, the meeting-agenda notice stated: "Closed Meeting: Deliberations Regarding . . . Personnel Matters, Section 551.074, Texas Government Code."  At the June 20, 2007 meeting, TCCD increased de la Garza's salary to $295,000 for the period from September 1, 2006, through August 31, 2007.  On July 30, 2007, TCCD entered into an "Amendment to Chancellor's Contract" (the 2007 Contract) that memorialized de la Garza's increased compensation.

---

[1] *See* Tex. Gov't Code Ann. § 551.041 (Vernon 2004) (requiring governmental bodies to "give written notice of the date, hour, place, and subject of each meeting held by the governmental body").

In 2008, TCCD gave public notice of meetings to occur on June 18 and June 25, 2008. Relevant to this appeal, the June 18, 2008 meeting-agenda notice stated: "Closed Meeting: . . . Personnel Matters, Section 551.074, Texas Government Code. The personnel discussion may address aspects of the routine annual evaluation of the chancellor." The June 25, 2008 meeting-agenda notice stated: "Closed Meeting: . . . Deliberations regarding personnel matters, Section 551.074 . . . Texas Government Code. The personnel discussion may address aspects of the routine annual evaluation of the chancellor." After the June 18 and June 25, 2008 meetings, TCCD offered de la Garza "a three-year contract with an annual review at a total annual compensation of $325,000." By contract dated July 11, 2008 (the 2008 Contract), TCCD formally extended de la Garza's appointment "for a three (3) year period ending June 30, 2011," with an annual salary of $325,000.

On September 24, 2008, Meeker filed a lawsuit against TCCD and de la Garza[2] seeking judicial declarations that the meeting-agenda notices for the June 18 and June 25, 2008 meetings violated TOMA and that the 2008 Contract is void. Meeker also sought injunctive relief against TCCD and de la Garza that would have prohibited TCCD from "paying any salary or other compensation" to de la Garza or recognizing him as chancellor. Meeker amended his petition on November 21, 2008, and added requests for judicial declarations that the meeting-agenda notice

---

[2] Meeker subsequently non-suited his claims against de la Garza.

for the June 20, 2007 meeting violated TOMA and that the 2007 Contract is void. The trial court conducted a hearing on Meeker's request for a temporary injunction on November 25, 2008, and denied injunctive relief by order dated December 11, 2008.

On December 30, 2008, TCCD filed a traditional and no-evidence motion for summary judgment "as to all the relief sought" by Meeker. Meeker then filed his own motion for summary judgment on February 6, 2009, asking that TCCD's motion for summary judgment be denied and seeking judgment on all of his claims against TCCD. The trial court held a hearing on the cross-motions for summary judgment on February 27, 2009, and on March 12, 2009, denied Meeker's motion for summary judgment "in all respects," granted TCCD's motion for summary judgment "in all respects," and ordered that Meeker pay TCCD "its reasonable attorneys fees and expenses incurred in this action in the amount of $46,240.00."

Meeker filed his notice of appeal on March 27, 2009. Thereafter, TCCD and de la Garza entered into a "First Amendment to Chancellor's Contract" (the 2009 Contract) on June 30, 2009, which facilitated de la Garza's departure as TCCD's chancellor. The 2009 Contract provides that it "is the final agreement between [TCCD] and de la Garza[] and [that] it controls the contractual relationship between the parties hereto after the date of this [2009 Contract]." The 2009 Contract also provides that it supersedes all prior agreements and contracts between the parties,

4

including the 2008 Contract, and that TCCD would pay de la Garza $700,000 for a release of claims against TCCD.

### III. The 2009 Contract Rendered Meeker's Appeal Moot

The same day it filed its brief in this court, TCCD filed a motion for partial dismissal of this appeal contending Meeker's request for injunctive relief is moot because de la Garza is no longer the TCCD chancellor. Meeker filed a response to TCCD's motion, arguing that his claims for injunctive relief are not moot because the "adequacy of the public notices" and his claim for attorney's fees remain live issues and that exceptions to the mootness doctrine apply.

"[B]ecause the disposition of this case turns on a jurisdictional issue—mootness—this court is duty-bound to examine jurisdictional grounds, and may do so sua sponte." *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 330 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *see also M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (stating that a reviewing court is obligated to review sua sponte issues affecting jurisdiction). Thus, although TCCD's motion only seeks dismissal of Meeker's requests for injunctive relief, we are obligated to determine whether the 2009 Contract rendered all or any part of Meeker's appeal moot.

## A. Standard of Review

Whether we have subject-matter jurisdiction is a legal question that we review de novo. *See Trulock v. City of Duncanville*, 277 S.W.3d 920, 923 (Tex. App.—Dallas 2009, no pet.); *City of Shoreacres v. Tex. Comm'n of Envtl. Quality*, 166 S.W.3d 825, 830 (Tex. App.—Austin 2005, no pet.). The mootness doctrine implicates subject-matter jurisdiction. *City of Shoreacres*, 166 S.W.3d at 830; *Pantera Energy Co. v. R.R. Comm'n of Tex.*, 150 S.W.3d 466, 471 (Tex. App.—Austin 2004, no pet.). Because "[m]ootness is a matter that ordinarily arises after the rendition of the judgment or order appealed from," we can only determine whether Meeker's appeal is moot by considering evidence of matters occurring subsequent to the trial court's summary judgment order. *See Jackson v. Lubben*, 502 S.W.2d 860, 862 (Tex. Civ. App.—Dallas 1973, writ dism'd). And for that purpose alone, we will consider the evidence attached to TCCD's motion for partial dismissal. *See id.*; *Travis County v. Matthews*, 221 S.W.2d 347, 348 (Tex. Civ. App.—Austin 1949, no writ); *see also Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) (per curiam) (stating "[a]ffidavits outside the record cannot be considered by the Court of Civil Appeals for any purpose other than determining its own jurisdiction").

## B. Applicable Law

### 1. Mootness Doctrine

The mootness doctrine prevents courts from rendering advisory opinions, which are outside the jurisdiction conferred by article II, section 1 of the Texas constitution. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). A controversy must exist between the parties at every stage of the legal proceeding, including the appeal. *Bd. of Adjustment of City of San Antonio v. Wende*, 92 S.W.3d 424, 427 (Tex. 2002); *McClure v. JPMorgan Chase Bank*, 147 S.W.3d 648, 651 (Tex. App.—Fort Worth 2004, pet. denied). An issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy. *See In re H & R Block Fin. Advisors, Inc.*, 262 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.). When an appeal is moot, we must set aside the judgment and dismiss the cause. *McClure*, 147 S.W.3d at 651; *City of Fort Worth v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 371 (Tex. App.—Fort Worth 2001, no pet.).

**2. Acts in Violation of Texas Open Meetings Act are Voidable**

TOMA expressly provides that "[a]n action by a governmental body in violation of this chapter is voidable." Tex. Gov't Code Ann. § 551.141 (Vernon 2004). It does not state that governmental acts in violation of TOMA are void or void ab initio. *Id.* The distinction is important because the governmental act would be a nullity if it were void or void ab initio. *Swain v. Wiley College*, 74 S.W.3d 143, 146 (Tex.

7

App.—Texarkana 2002, no pet.). But because the governmental act is merely voidable, it is valid until adjudicated and declared void. *Id.*

## C. Analysis

Meeker seeks three types of relief in this case: injunctive relief, declaratory relief, and attorney's fees. A review of Meeker's requested relief will aid in determining whether his appeal is moot. *Compare Love Terminal Partners, L.P. v. City of Dallas*, 256 S.W.3d 893, 896 (Tex. App.—Dallas 2008, no pet.) (holding request for declarations concerning TOMA violations moot), with *Ramos*, 235 S.W.3d at 469 (holding request for declarations concerning TOMA violations not moot because declaratory relief coupled with potential remedial relief). We will therefore review each of Meeker's requests for relief in turn.

### 1. Request for Injunctive Relief

Meeker states in his brief that he seeks injunctive relief from this court (1) prohibiting TCCD "from paying any salary or other compensation" to de la Garza "until if and when the Trustees employ him following a legally adequate public notice"; (2) prohibiting TCCD from "recognizing in any way Leonardo de la Garza as Chancellor, pending [TCCD]'s conducting a properly noticed meeting" with specified items to be included in the notice; (3) requiring TCCD to timely post its agenda with full notice of proposed action to employ a chancellor; and (4) posting notice containing all applicants for chancellor at least twenty-one days before the meeting.

8

Although Meeker does seek permanent injunctive relief relating to future meetings concerning TCCD's employment of a chancellor, Meeker's brief makes clear that his requests for a permanent injunction relate only to TCCD's employment of de la Garza, not successor chancellors.  For example, Meeker states in his Appellant's Brief that: "If the Trustees decide to hold another meeting to consider awarding de la Garza another contract, or ratifying the existing one, the Court should require the public notice of the meeting to be worded clearly so the public will understand that the Board proposes to act on a three-year contract for chancellor at a salary increase."  Meeker also argues that "the Court should void de la Garza's employment as Chancellor because the TCCD did not publish de la Garza's name as a candidate for the position of Chancellor at least 21 days before any Board action on that matter."  Thus, all of Meeker's requests for injunctive relief relate to de la Garza's service as chancellor.  And because de la Garza is no longer the chancellor, all of Meeker's requests for injunctive relief are moot.[3]  *See, e.g., Day v. First City Nat'l Bank of Houston*, 654 S.W.2d 794, 795 (Tex. App.—Houston [14th Dist.] 1983, no writ) (stating that a case is moot when the actions sought to be enjoined have been fully performed).  We therefore grant TCCD's motion for partial

---

[3] To the extent Meeker arguably seeks relief concerning future meetings not relating to de la Garza, Meeker seeks an advisory opinion "that lies outside [our] judicial power."  *See Cornyn v. City of Garland*, 994 S.W.2d 258, 267 (Tex. App.—Austin 1999, no pet.).

dismissal and hold that the 2009 Contract, which ended de la Garza's service as chancellor, mooted all of Meeker's requests for injunctive relief. But because we are duty-bound to consider whether we have jurisdiction over the remainder of Meeker's appeal, we also consider Meeker's other requests for relief to determine if the remainder of his appeal is moot.

## 2. Requests for Declaratory Relief

Meeker seeks judicial declarations that the June 2007 and June 2008 meeting-agenda notices violated TOMA and that the 2007 and 2008 Contracts are void. He argues that the adequacy of the 2007 and 2008 meeting-agenda notices and his request for attorneys' fees remain live controversies, even after the 2009 Contract, because we could declare the meeting-agenda notices inadequate under TOMA and award him attorneys' fees. Because the legality of the 2009 Contract and the sufficiency of the meeting-agenda notice that preceded the 2009 Contract are not before us, we disagree that any live controversy remains concerning the 2007 and 2008 meeting-agenda notices and contracts.

Actions in violation of TOMA are voidable, not void, and remain valid until adjudicated and declared void. *See Love Terminal Partners*, 256 S.W.3d at 897. In this case, the 2007 Contract had not been adjudicated void before the 2008 Contract superseded it, and the 2008 Contract had not been adjudicated void before the 2009 Contract replaced it. Thus, declaring that the 2007 and 2008 meeting-

10

agenda notices violated TOMA cannot have any practical legal effect on a currently-existing controversy because the declarations would only void contracts that have previously been superseded. *See id.* (stating an issue is moot when "one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy"); *see also* Tex. Gov't Code Ann. § 551.141 (stating governmental acts in violation of TOMA are voidable).

Contending that his appeal is not moot, Meeker cites *Ramos*. *See* 235 S.W.3d at 469. But that case is distinguishable. There, Ramos sued the City of Farmer's Branch for judicial declarations that the City violated TOMA by conducting closed meetings relating to a controversial city ordinance. *Id.* In addition to declaratory relief, Ramos sought disclosure "to the public [of] all transcripts, minutes, recordings, and other evidence of closed meetings as well as requir[ing the City] to comply with TOMA in the future." *Id.* After Ramos filed suit, the City repealed the ordinance at issue, sought dismissal of Ramos's lawsuit, and argued the case was moot because the ordinance at issue had been repealed. *Id.* at 465, 469. But the court held the case was not moot because of potential remedial relief available if Ramos proved a violation of TOMA. *Id.* Specifically, if Ramos succeeded, the trial court could have ordered the production of the documents and information from the closed meetings. *Id.*; *see also City of Richardson v. Gordon*, No. 05-09-00532-CV, 2010 WL 986808, at *3 (Tex. App.—Dallas March 18, 2010, no pet. h.) (following

11

*Ramos* and holding City's charter amendment did not moot lawsuit because Gordon sought production of "agendas, tapes, and records" from allegedly illegal closed meetings in addition to his request for declaratory relief concerning past alleged violations of TOMA). Here, Meeker seeks to void the 2007 Contract and the 2008 Contract for allegedly insufficient notices, but he does not seek production of documents or other information relating to the 2007 and 2008 meetings. *Cf. Ramos*, 235 S.W.3d at 469; *Gordon*, 2010 WL 986808, at *3. In fact, Meeker seeks only to void the 2007 and 2008 Contracts, both of which were superseded by subsequent contracts. Thus, Meeker does not seek a remedy relating to the 2007 and 2008 meeting-agenda notices that was not mooted by the 2009 Contract. And because the legality of the 2009 Contract or the meeting-agenda notice that preceded the 2009 Contract is not before us, Meeker's requests for judicial declarations are moot.

### 3. Exceptions to Mootness Doctrine

Meeker also argues that his appeal is not moot because the capable-of-repetition-yet-evading-review and public-interest exceptions to the mootness doctrine apply to his case. We disagree. A common element of both the public-interest exception and the capable-of-repetition-yet-evading-review exception is that the complained-of action be capable of repetition yet not effectively reviewable. *See generally Fed. Deposit Ins. Corp. v. Nueces County,* 886 S.W.2d 766, 767 (Tex.

12

1994).[4]  But an issue does not evade appellate review if appellate courts have addressed the issue on the merits. *See id*.; *Ngo v. Ngo*, 133 S.W.3d 688, 692 (Tex. App.—Corpus Christi 2003, no pet.).  Here, the adequacy of the public meeting-agenda notices is the substantive issue, but Texas courts have addressed the adequacy of public meeting-agenda notices on numerous occasions. *See, e.g., Cox Enters., Inc. v. Bd. of Trs. of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 959 (Tex. 1986); *Salazar v. Gallardo*, 57 S.W.3d 629, 633–34 (Tex. App.—Corpus Christi 2001, no pet.); *Markowski v. City of Marlin*, 940 S.W.2d 720, 726 (Tex. App.—Waco 1997, writ denied); *Point Isabel Indep. Sch. Dist. v. Hinojosa*, 797 S.W.2d 176, 180–82 (Tex. App.—Corpus Christi 1990, writ denied).  Thus, the capable-of-

---

[4] In *FDIC*, the supreme court stated,

> This Court has not previously decided the viability of the public interest exception, and we find it unnecessary to reach that issue here.  As articulated by the court of appeals, the public interest exception permits judicial review of questions of considerable public importance if the nature of the action makes it capable of repetition and yet prevents effective judicial review.  Thus, a common element of both the public interest exception and the capable of repetition exception is that the complained of action be capable of repetition yet not effectively reviewable.

*Id.*  The supreme court has not subsequently recognized the public-interest exception to the mootness doctrine.  *See, e.g., In re Guerra*, 235 S.W.3d 392, 432 n.198 (Tex. App.—Corpus Christi 2007, orig. proceeding) (acknowledging that the supreme court had not yet recognized the public interest exception but applying the exception to hold that a case was not moot); *Houston Chronicle Pub. Co. v. Thomas*, 196 S.W.3d 396, 400 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (declining to recognize the public-interest exception until the supreme court resolves the split in authority among the intermediate appellate courts on the viability of the legal theory).  Although we conclude the public-interest exception is inapplicable here, we express no opinion concerning the viability of that legal theory.

13

repetition-yet-evading-review and public-interest exceptions do not apply in this case.

### 4. Attorney's Fees

Meeker's claim for attorney's fees is also moot. Meeker's motion for summary judgment and live pleading sought attorney's fees only under government code section 551.142(b). But section 551.142(b) authorizes an award of litigation costs and attorney's fees only for substantially prevailing in a suit for mandamus or injunction under section 551.142(a). *See* Tex. Gov't Code Ann. § 551.142(b) (Vernon 2004). Meeker does not seek mandamus relief, his requests for injunctive relief are moot, and section 551.142(b) does not authorize attorney's fees for succeeding on a claim for declaratory relief. *See id.* Thus, even if we were to consider the merits of Meeker's request for declaratory relief and declare that the 2007 and 2008 meeting-agenda notices violated TOMA or that the 2007 and 2008 Contracts are void, Meeker cannot be awarded attorney's fees for succeeding on a claim for declaratory relief because his pleadings do not request attorney's fees under Chapter 37 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 2008) (authorizing an "award [of] costs and reasonable and necessary attorney's fees as are equitable and just" in any proceeding under Chapter 37).

As a result, any ruling by this court concerning the merits of Meeker's challenge to the 2007 and 2008 meeting-agenda notices or the resulting 2007 and

2008 Contracts would not have any practical legal effect on any currently-existing controversy. *See In re M.R.J.M.*, 280 S.W.3d 494, 499 (Tex. App.—Fort Worth 2009, no pet.) (op. on reh'g) (stating that "[a]n issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy"). We therefore hold that Meeker's appeal is moot.

## IV. Conclusion

Having held that Meeker's appeal is moot, we vacate and set aside the trial court's judgment, including the award of attorney's fees to TCCD, and dismiss this case for lack of subject-matter jurisdiction. *See Tex. Foundries, Inc. v. Int'l Moulders & Foundry Workers' Union*, 151 Tex. 239, 241, 248 S.W.2d 460, 461 (1952) (stating that "when a case becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed" and that merely dismissing the appeal "would have the effect of affirming the judgment of the lower court without considering any assignments of error thereto").

ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: May 27, 2010

15