Opinion issued March 10, 2016



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00687-CV

————————————

**ANNISE PARKER, MAYOR, ANNA RUSSELL, CITY SECRETARY, AND CITY OF HOUSTON, Appellants**

**V.**

**DAVID B. WILSON, Appellee**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-39706**

---

## MEMORANDUM OPINION

Appellants, Mayor Annise Parker, City Secretary Anna Russell, and the City

of Houston (collectively "the City") filed this interlocutory appeal of the trial

court's July 28, 2015 order granting appellee David B. Wilson's petition for writ of

mandamus. In its first issue, the City contends that Wilson's underlying mandamus suit and the July 28 order are moot and the case should be dismissed. In its second, third, and fourth issues, the City challenges the trial court's July 28 order on the grounds that (1) Wilson's petition was an untimely referendum, not a charter amendment, and therefore the City Secretary had no duty to count signatures or certify the number to the City Council; (2) the trial court decided the case on the merits without giving the City proper notice of trial; and (3) the order granted Wilson injunctive relief without requiring him to meet the requirements for a temporary injunction. Because we conclude that Wilson's mandamus suit and the July 28 order are moot, we vacate the trial court's judgment and dismiss the case.

### Background

In 2015, Wilson conducted a petition drive with the stated purpose of amending Article II, Section 22 of the Charter of the City of Houston[1] to add the following language:

---

[1] Article II, section 22 of the City's Charter provides:

> Except as required by State or Federal law, the City of Houston shall not provide employment benefits, including health care, to persons other than employees, their legal spouses and dependent children; nor shall the City provide any privilege in promotion, hiring, or contracting to a person or group on the basis of sexual preference, either by a vote of the city council or an executive order by the

2

Except as required by State or Federal law, the City of Houston shall only define gender identity as an individual's innate identification, as either a male or female which is assigned at birth. Perceived or expressed gender identification is not allowed in defining gender identity. Further, the City of Houston shall require entities doing business with the city to abide by the same definition of gender identification.

Wilson filed his petition with the City Secretary on July 9, 2015.[2]

On July 10, 2015, Wilson filed his original petition for writ of mandamus against appellants. The mandamus petition alleged that the City Secretary had failed to perform her ministerial duty under the City Charter to count the number of signatures on the petition and certify the petition to the City Council. Noting that "the deadline for calling an election in November of 2015 is on or about August 19, 2015," Wilson alleged in his petition that, if the requested injunctive relief was not granted, it would be "too late for a timely election to be called," resulting in irreparable harm. Wilson set the mandamus petition for hearing on July 13, 2015, three days after the petition had been filed.

---

Mayor. Further, the City of Houston shall not require entities doing business with the City to have any of the above benefits or policies.

Charter of the City of Houston, art. II, § 22.

[2] From the outset, the parties have disputed the nature of Wilson's petition. The City claims that Wilson's petition is not a charter amendment but is a referendum on Ordinance No. 2014-530, known as the Houston Equal Rights Ordinance, which voters rejected on November 3, 2015. Wilson, however, maintains that his petition is not a referendum but instead a proposed charter amendment that should be placed on the November 2015 ballot. Given our disposition of this case, we do not reach this issue.

3

At the hearing, the trial court sustained the City's objection to proceeding with insufficient notice. Wilson thereafter amended his mandamus petition and reset the hearing. In his amended petition, Wilson alleged that if the City Secretary did not count the signatures and certify the petition, "the Charter Amendment cannot be placed on the ballot in November 2015," resulting in irreparable harm.

The trial court held a hearing on Wilson's first amended petition on July 24, 2015. At the conclusion of the hearing, Wilson's counsel stated to the court,

> I do need to mention the urgency because if we don't meet certain deadlines, it—we won't be able to get the issue on the ballot. Let's say hypothetically, if we would win, we need—I think you would have to rule on this by August 8th as to their duty to count.

On July 28, 2015, the trial court granted Wilson's mandamus petition and ordered the City Secretary to count and certify to the City Council the number of signatures contained in Wilson's petition within thirty days from the date of filing of the petition, i.e., July 9, 2015.[3]

---

[3] On the same day that the trial court granted Wilson's petition, the Texas Supreme Court decided *In re Jared Woodfill*, 470 S.W.3d 473 (Tex. 2015), ordering the City Council to reconsider the equal rights ordinance, and if it did not repeal the ordinance, to submit it to the voters in the next City election. *Id.* at 481. The Council did not repeal the ordinance but instead voted to put it on the November 2015 ballot.

4

On August 7, 2015, the City filed a notice of interlocutory appeal of the July 28, 2015 order.[4] In response, Wilson filed an emergency motion to dismiss and, alternatively, to refer enforcement of the mandamus to the trial court. By order dated August 19, 2015, this Court denied Wilson's motion and directed the City to file a written response within ten days showing the basis for the Court's jurisdiction. The City timely filed its response, arguing that the trial court's July 28 order was a mandatory temporary injunction and, therefore, appealable as an interlocutory order under Texas Civil Practice and Remedies Code section 51.014(a)(4). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2015). In his reply, Wilson argued that this Court lacked appellate jurisdiction because the July 28 order was an order granting a writ of mandamus, not a temporary injunction.

While the appeal was pending in this Court, Wilson filed an original emergency petition for writ of mandamus in the Texas Supreme Court on August 24, 2015. In his petition, Wilson argued that this Court's order granting the City ten days to show the basis for the Court's jurisdiction would "likely be too late" for his proposed amendment to be placed on the November 2015 ballot, and requested that the Supreme Court issue a writ of mandamus either ordering this Court to

---

[4]     Prior to filing its notice, the City had unsuccessfully sought clarification of the trial court's order and an extension of time to comply with the order.

5

dismiss the City's interlocutory appeal for want of jurisdiction or, alternatively, directing the City Secretary to immediately count and certify to the City Council the number of valid signatures contained in his petition. On August 28, 2015, the Court denied Wilson's petition.

## Mootness

In its first issue, the City contends that the deadline for issues to be placed on the November 2015 ballot and the November 2015 election have passed and, therefore, Wilson's underlying mandamus suit and the July 28 order are now moot.

### A. Standard of Review and Applicable Law

Whether a court has subject matter jurisdiction is a legal question that is reviewed de novo. *Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied); *Trulock v. City of Duncanville*, 277 S.W.3d 920, 923 (Tex. App.—Dallas 2009, no pet.). The mootness doctrine implicates subject matter jurisdiction. *See Trulock*, 277 S.W.3d at 923; *City of Shoreacres v. Tex. Comm'n of Envtl. Quality*, 166 S.W.3d 825, 830 (Tex. App.—Austin 2005, no pet.).

An appellate court is prohibited from deciding a moot controversy or rendering an advisory opinion. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *City of Farmers Branch v. Ramos*, 235 S.W.3d 462, 469 (Tex. App.—Dallas 2007, no pet.) (noting court may only decide issues

presenting "a live controversy at the time of the decision"). If a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome at any stage, the case becomes moot. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (noting "a controversy must exist between the parties at every stage of the legal proceedings, including the appeal"). "[C]ourts have an obligation to take into account intervening events that may render a lawsuit moot." *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). If a proceeding becomes moot, the court must dismiss the proceeding for want of jurisdiction. *See id.*

## B. Analysis

When the trial court entered its July 28, 2015 order granting Wilson's petition for writ of mandamus, Wilson's first amended petition was the live pleading on file. In his amended petition, Wilson sought "to exercise his statutory right to obtain a vote by the citizens of the city of Houston to decide the matter in November 2015 election ballot." Wilson further alleged

> If the City Secretary does not count and certify the petitions, the Charter Amendment cannot be placed on the ballot in November 2015. Further, on reasonable belief, Defendants intend to unreasonably thwart Wilson's efforts to obtain a vote on the matter by delaying the matter in court *until the issue becomes moot* (emphasis added).

7

At the July 24 hearing, Wilson's counsel emphasized the urgency of obtaining a ruling and advised the court that if Wilson did not meet certain deadlines he would be unable to have the issue placed on the November 2015 ballot.

In his second amended petition[5] (and current live pleading) filed after the trial court issued its order, Wilson alleged:

> Mayor Annise Parker and Houston City Council members [] have a ministerial duty to order Wilson's proposed Charter Amendment be published in the newspaper at least 14 days prior to the subjection election, and run two consecutive weeks, and then order Wilson's proposed amendment to be printed on the election ballots for the November 2015 election.
>
> . . . .
>
> Wilson hereby demands that each City Council member perform his/her ministerial duties and, order, or cause Wilson's Charter Amendment be placed in the official city newspaper at least two consecutive weeks prior to the election and cause Wilson's proposed Charter Amendment to appear on the election ballot.
>
> . . . .
>
> Wilson seeks to exercise his statutory right to obtain a vote by the citizens of the city of Houston to decide the matter in November 2015 election ballot. . . . Mayor Parker, Secretary Anna Russell and City Council owe a duty to Wilson to place the proposed Charter Amendment on the election ballot for a vote.
>
> . . . .
>
> Wilson, and the people of Houston will suffer irreparable harm if the proposed Charter Amendment is not put on the election ballot.

---

[5] In addition to the Mayor and City Secretary, Wilson's second amended petition named City Council members as defendants in his suit.

In his original emergency petition for writ of mandamus filed in the Texas Supreme Court, Wilson argued that this Court's August 19, 2015 order granting the City ten days to show the basis for the Court's jurisdiction would "likely be too late" for his proposed amendment to be placed on the November 2015 ballot. Cognizant of Texas Rule of Appellate Procedure 52.3(e)[6] requiring him to first file his petition with this Court, Wilson asserted that "given the time constraints, there is simply not enough time to go through both Courts, and thus a 'compelling reason' within the meaning of the rule applies here for Relators to file with this Court and not the Houston Court of Appeals."

Wilson's trial court pleadings, the July 24, 2015 hearing on his mandamus petition, and his emergency petition for writ of mandamus filed in the Texas Supreme Court, demonstrate that Wilson's objective was to have his proposed amendment placed on the November 2015 ballot. Because the deadline to place issues on the November 2015 ballot as well as the November 2015 election have

---

[6]    Texas Rule of Appellate Procedure 52.3(e) provides:

> The petition must state, without argument, the basis of the court's jurisdiction. If the Supreme Court and the court of appeals have concurrent jurisdiction, the petition must be presented first to the court of appeals unless there is a compelling reason not to do so. If the petition is filed in the Supreme Court without first being presented to the court of appeals, the petition must state the compelling reason why the petition was not first presented to the court of appeals.

TEX. R. APP. P. 52.3.

9

passed, Wilson's mandamus suit and the July 28 order that is the subject of this appeal are moot. *Hallman*, 159 S.W.3d at 642 (noting that if controversy ceases to exist or parties lack legally cognizable interest in outcome at any stage, case becomes moot); *Jones*, 1 S.W.3d at 86 ("A case becomes moot if at any stage there ceases to be an actual controversy between the parties.").

In the "Response to Statement of Issues" section of his brief, Wilson states in conclusory fashion that a claim of mootness "must first be raised by the trial court." To the contrary, a case may be dismissed as moot at any stage of the proceedings, including on appeal. *See Heckman*, 369 S.W.3d at 162 ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction."). Notably, Wilson acknowledged in his first amended petition that the issue might become moot, alleging that "Defendants intend to unreasonably thwart Wilson's efforts to obtain a vote on the matter by delaying the matter in court *until the issue becomes moot*" (emphasis added).

Accordingly, we sustain the City's first issue. Because we have concluded that Wilson's underlying suit and the trial court's July 28, 2015 order are moot, we do not reach the City's other issues challenging the trial court's order. *See* TEX. R. APP. P. 47.1.

10

## Conclusion

We vacate the trial court's July 28, 2015 order and dismiss the case for want of jurisdiction.

Russell Lloyd
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.

11