

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00308-CV

JUDY KAY FULBRIGHT                                                       APPELLANT

V.

BETTY A. BRADLEY, AS                                                       APPELLEE
GUARDIAN OF ESTATE FOR
DOLLIE MAE FULBRIGHT

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
## TRIAL COURT NO. 2015-004726-1

----------

## MEMORANDUM OPINION[1]

----------

Appellant Judy Kay Fulbright (Judy), pro se, appeals from a judgment granting appellee Betty A. Bradley, as guardian of estate for Dollie Mae Fulbright (Dollie), possession of a residence located in Arlington, Texas, in which Judy had been residing. Because we conclude that events subsequent to the judgment

---

[1]See Tex. R. App. P. 47.4.

have mooted Judy's appeal, we vacate the judgment and dismiss the case. *See* Tex. R. App. P. 43.2(e).

Judy's mother, Dollie, owned a residence in Arlington, Texas. At some point, Judy came to live at the residence; but she does not claim any ownership interest in it, and she concedes that she does not have a lease granting her a right to occupy it. In response to a report of neglect concerning Dollie, the Adult Protective Services Division of the Texas Department of Family and Protective Services investigated and ultimately placed Dollie in a nursing home. On July 6, 2015, a Texas probate court found Dollie to be an incapacitated person and appointed Bradley as the guardian of Dollie's estate. *See* Tex. Est. Code Ann. § 1002.017 (West 2014). Three days later, Bradley provided Judy with written notice to vacate the residence, and the notice further stated that Bradley would initiate eviction proceedings if Judy did not vacate. *See* Tex. Prop. Code Ann. § 24.005 (West 2014). Judy did not vacate, and Bradley filed an eviction suit in the justice court. *See* Tex. Prop. Code Ann. § 24.004 (West 2014); Tex. R. Civ. P. 510.

The justice court entered a judgment awarding Bradley possession of the residence. *See* Tex. R. Civ. P. 510.8(b). Judy appealed the judgment to the county court at law. *See* Tex. R. Civ. P. 510.9. The county court at law set a bench trial for September 9, 2015. Judy did not appear at the trial, and the county court at law entered a judgment that awarded Bradley possession of the residence. *See* Tex. R. Civ. P. 510.12. The county court at law set a $7,500

2

supersedeas bond. *See* Tex. R. Civ. P. 510.13. Judy perfected an appeal to this Court but never filed the supersedeas bond. *See* Tex. Prop. Code Ann. § 24.007 (West 2014); Tex. R. Civ. P. 510.13. Both parties represent in their briefs that the county court at law issued a writ of possession and that Judy was removed from possession of the residence. *See* Tex. R. Civ. P. 510.13. The parties further represent that while this appeal was pending, Bradley sold the residence to a third party. *See* Tex. R. App. P. 38.1(g).

Our review of the record and briefing in this appeal leads us to conclude that we must address whether this case has become moot. A case becomes moot when events subsequent to its filing cause the justiciable controversy between the parties to cease such that "the court's action on the merits cannot affect the parties' rights or interests." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). We have no jurisdiction to decide an appeal that becomes moot, and we may consider whether an appeal has become moot sua sponte. *Meeker v. Tarrant Cty. Coll. Dist.*, 317 S.W.3d 754, 758–59 (Tex. App.—Fort Worth 2010, pet. denied). If an appeal has become moot, we must "vacate any order or judgment previously issued and dismiss the case for want of jurisdiction." *Heckman*, 369 S.W.3d at 162.

This is an appeal from a judgment in an eviction suit. *See* Tex. Prop. Code Ann. § 24.007. The only issue presented in such a suit is the right to actual possession of the premises. *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785–86 (Tex. 2006). Thus, an appeal in an eviction suit

3

becomes moot when the appellant ceases to have actual possession of the premises unless the appellant holds and asserts a meritorious claim of right to current, actual possession. *Marshall*, 198 S.W.3d at 787–88; *Brewer v. Green Lizard Holdings, L.L.C.*, No. 02-13-00119-CV, 2013 WL 5303064, at *1 (Tex. App.—Fort Worth Sept. 19, 2013, no pet.) (mem. op.). Judy does not dispute that neither she nor Bradley has current possession of the residence. We therefore consider whether Judy holds and asserts a meritorious claim of right to current, actual possession of the residence. *See Marshall*, 198 S.W.3d at 787–88; *Brewer*, 2013 WL 5303064, at *1.

At the time Bradley filed this eviction action, Dollie owned the residence. Although Judy at some point came to live at the residence with Dollie, Judy does not claim to have any ownership interest in the residence, and she concedes that she does not have any lease that could give her the right to current, actual possession of the residence. And Judy has presented no other basis upon which she can assert a meritorious claim of right to current, actual possession of the residence.

In addition, no party disputes that after Judy was removed from possession of the premises pursuant to the county court at law's writ of possession, Bradley sold the residence to a third party while this appeal was pending. Bradley is not presently in possession of the residence, nor does she assert a right to current possession of it. Thus, even if Judy were to prevail on the merits of her appeal, she would not be entitled to immediate possession of the residence because

4

prevailing on the merits of this appeal against Bradley would not entitle Judy to current, actual possession of a residence that both parties acknowledge is now owned and occupied by a third party.  Any judgment on the merits of this appeal would have no practical effect on the current possession of the residence. *See Heckman*, 369 S.W.3d at 162; *see also Taylor v. Margo*, No. 08-14-00066-CV, 2015 WL 5449806, at *7 (Tex. App.—El Paso Sept. 16, 2015, pet. denied) (noting that case may become moot when appellate court's judgment "cannot have any practical legal effect on a then-existing controversy" between the parties such that "it becomes impossible for the court to grant effectual relief"); *see generally* Tex. R. Civ. P. 510.3(e) (providing "[o]nly [i]ssue" in eviction suit is "actual possession and not title").

For these reasons, we hold that this case is moot, vacate the county court at law's judgment, and dismiss the case.  *See Marshall*, 198 S.W.3d at 785 (holding that where case was moot, the "court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place").

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  August 25, 2016.