

# NUMBER 13-22-00353-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF B.P. JR., A CHILD

### On appeal from the County Court at Law No. 5
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva**
**Memorandum Opinion by Justice Longoria**

Appellants G.G. (Mother) and B.P. (Father) each appeal from the termination of their parental rights to their child, B.P. Jr. (Ben), who was one year old at the time of trial.[1] In her appeal, Mother argues that the trial court's judgment is void because it lost jurisdiction before the trial commenced. Father, in his appeal, joins Mother's arguments[2]

---

[1] To protect the identity of the minor child, we refer to him and his relatives by their initials or an alias. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(a).

[2] On November 30, 2022, Father filed a notice to this Court that he "joins in" on the jurisdictional arguments made by Mother in her brief.

and also argues that the evidence is insufficient to support the trial court's findings that: (1) there exists a statutory predicate to terminate his parental rights under § 161.001(b)(1)(D), (E), (N), (O), and (P) of the Texas Family Code; and (2) it is in the best interests of the child to terminate Father's parental rights. *See* TEX. FAM. CODE ANN. § 161.001. The Department of Family and Protective Services (the Department) concedes that the trial court lost jurisdiction before commencing trial on the merits. Because we find that the trial court did not have jurisdiction to render its order of parental termination, we vacate the judgment and dismiss the case.

## I. BACKGROUND

On September 4, 2020, the Department filed the underlying parental-rights termination case. On September 9, 2020, the trial court signed its order appointing the Department as temporary managing conservator of the child.

On August 20, 2021, the Department filed its "Motion to Retain Suit on Court's Docket and Set New Dismissal Date." On October 13, 2021, the trial court signed its "Order Retaining Suit on Court's Docket and Setting Hearing Dates." The order contained the following language:

> Pursuant to § 263.401(b), Texas Family Code, the Court finds that this Court has continuing jurisdiction of this suit, and that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator is in the best interest of the child. An order to retain the case on the Court's docket should be granted.

Trial commenced on March 1, 2022, and on March 15, 2022, the trial court signed

2

its amended order terminating Mother and Father's parental rights as to Ben. Both parents appealed.

## II.    JURISDICTION

The parties agree that the trial court lost jurisdiction before the trial commenced, and therefore, the trial court's order terminating Mother and Father's parental rights was void. Specifically, the parties agree that the trial court did not successfully invoke § 263.401(b) to extend its jurisdiction. *See id.* § 263.401(b).

## A.    Applicable Law

"As a general proposition, before a court may address the merits of any case, the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court." *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). "A court's jurisdiction 'not only embraces the power to hear, but includes as well the authority to enter a judgment, and to carry that judgment into execution.'" *Allison Publ'ns, LLC v. Doe*, 654 S.W.3d 210, 218 (Tex. App.—Fort Worth 2022, no pet. h.) (quoting *Morrow v. Corbin*, 62 S.W.2d 641, 645 (Tex. 1933)). "Appellate courts are duty-bound to examine issues of subject matter jurisdiction and may do so sua sponte." *Id.* at 219 (citing *Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 758–59 (Tex. App.—Fort Worth 2010, pet. denied)); *see M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam).

Texas Family Code § 263.401(a) "provides that if a trial court fails to commence the trial on the merits or grant an extension within one year after the trial court appointed

3

the Department as temporary managing conservator, the trial court's jurisdiction terminates, and the case is automatically dismissed." *In re G.X.H.*, 627 S.W.3d 288, 296 (Tex. 2021); *see also* TEX. FAM. CODE ANN. § 263.401(a) (providing that the trial court's jurisdiction is terminated on the first Monday after the first anniversary of the date the trial court rendered a temporary order appointing the department as temporary managing conservator). However, § 263.401(b) provides that the trial court may extend its jurisdiction by an additional 180 days if (1) extraordinary circumstances necessitate the children remaining in the Department's conservatorship, and (2) continuing the Department's appointment is in the children's best interest. *See* TEX. FAM. CODE ANN. § 263.401(b).

## B.    Discussion

Here, the trial court rendered an order appointing the Department temporary managing conservator on September 9, 2020. The first Monday after the anniversary of that date was September 13, 2021. *See id.* § 263.401(a). Therefore, unless the trial court either (1) "commenced the trial on the merits," or (2) "granted an extension under Subsection (b)," the court's jurisdiction over the case would terminate on September 13, 2021, the suit would be "automatically dismissed without a court order" on that same date, and any orders after that date would be void. *See id.* § 263.401(a), (b); *see also In re G.X.H.*, 627 S.W.3d at 296; *Dikeman v. Snell*, 490 S.W.2d 183, 186–87 (Tex. 1973) (holding an order entered after the trial court loses jurisdiction is facially void). The trial court's order of extension under § 263.401(b) may be made orally on the record or in

4

writing, including on the court's docket sheet. *See In re G.X.H.*, 627 S.W.3d at 297–98; TEX. FAM. CODE ANN. § 101.026 ("[P]ronouncement may be made orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument.").

The trial court signed its order granting extension pursuant to § 263.401(b) on October 13, 2021, exactly thirty days after the trial court's jurisdiction terminated on September 13, 2021. *See* TEX. FAM. CODE ANN. § 263.401(a). The parties do not dispute that the trial court's written extension order was untimely. Moreover, we have examined the record and determined that the trial court failed to grant an extension orally on the record or in writing prior to September 13, 2021. *Cf. In re G.X.H.*, 627 S.W.3d at 298–99 (holding that the trial court timely granted extension under family code § 263.401 in docket sheet notes); *see also In re O.O.*, No. 13-21-00411-CV, 2022 WL 1559725, at *7–8 (Tex. App.—Corpus Christi–Edinburg, May 17, 2022, pet. denied) (mem. op.) (same); *In re J.J.M.*, No. 13-22-00131-CV, 2022 WL 3257520, at *4–5 (Tex. App.—Corpus Christi–Edinburg, August 11, 2022, no pet.) (mem. op.) (holding that the trial court maintained jurisdiction over parental-termination case—even though it signed a written extension order memorializing its oral grant of extension after the date it would have lost jurisdiction—because it *orally* granted extension *prior* to the date it would have lost jurisdiction).

Nothing in the record indicates that the trial court held a hearing on the Department's motion for extension. Likewise, there is no reporter's record before us

5

demonstrating that the trial court orally granted an extension on the record prior to losing jurisdiction on September 13, 2021, and the parties do not purport that one exists. Furthermore, there is no entry from the docket sheet or any other writing indicating that the trial court granted a timely extension, and the parties point to none. *Cf. In re G.X.H.*, 627 S.W.3d at 298–99.

The record in this case does not show that the trial court, before the end of the initial dismissal period on September 13, 2021, commenced trial or granted an extension under § 263.401(b). *See* TEX. FAM. CODE ANN. § 263.401(a), (b); *see also In re G.X.H.*, 627 S.W.3d at 296. Therefore, the trial court's jurisdiction terminated on September 13, 2021, and the case was automatically dismissed. *See* TEX. FAM. CODE ANN. § 263.401(a). The trial court had no jurisdiction over the case when it signed its amended order terminating Mother and Father's parental rights as to Ben on March 15, 2022, and that judgment is void.

When a party appeals a void judgment due to lack of subject-matter jurisdiction, we have jurisdiction to vacate the judgment and dismiss the case for lack of subject-matter jurisdiction. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) ("[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination."); *see also Pappas v. Shamoun & Norman, LLP*, No. 05-16-01405-CV, 2018 WL 2749691, at *3 (Tex. App.—Dallas May 31, 2018, no pet.) (mem. op.);

6

*Duggan v. Tanglewood Villa Owners Ass'n*, No. 05-16-00300-CV, 2017 WL 2610032, at *2–3 (Tex. App.—Dallas June 16, 2017, no pet.) (mem. op.).

### III.    CONCLUSION

Because the trial court lacked subject-matter jurisdiction over this case after September 13, 2021, we vacate the trial court's judgment signed March 15, 2022, and we dismiss the case for lack of subject-matter jurisdiction. *See* TEX. R. APP. P. 43.2(e).

NORA L. LONGORIA
Justice

Delivered and filed on the
15th day of December, 2022.