

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00439-CV

———————————————

KIMBERLY JOHNSON, Appellant

V.

ONM LIVING LLC, Appellee

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2022-03570-JP

---

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion
Justice Womack concurs without opinion.

**MEMORANDUM OPINION**

Appellant Kimberly Johnson attempts to appeal the trial court's order declaring that she was able to pay court costs and an appeal bond in her eviction case. *See* Tex. R. Civ. P. 510.9.

"As a general rule, appeals may be taken only from final judgments." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). "Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

We notified Johnson that we were concerned that we might not have jurisdiction over this appeal because the order being appealed was not a final judgment or an appealable interlocutory order and because the rules applicable to eviction suits do not otherwise provide a mechanism for appeal of such an order to this court.[1] *See* Tex. R. Civ. P. 500.3(e), 510.9(c)(3); *Ferguson v. Self*, No. 02-21-00279-CV, 2021 WL 4783163, at *1 (Tex. App.—Fort Worth Oct. 14, 2021, no pet.) (per curiam) (mem. op.). We stated that unless Johnson filed a response showing

---

[1]On November 21, 2022, while this appeal was pending, we received another notice of appeal and a copy of a final judgment signed by the trial court in the underlying eviction suit. The appeal from that final judgment is a separate appeal from the appeal of this order. Because Johnson paid the bond and the county court accepted the appeal of the eviction judgment, this bond appeal is also moot. *See Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied) ("An issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy.").

grounds for continuing the appeal, this appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. We have received no response from Johnson.

We therefore dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: December 22, 2022