# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00514-CV

---

**The State of Texas, Appellant**

**v.**

**Elgin Independent School District; Board of Trustees of Elgin Independent School District; Dr. Jodi Duron in her Official Capacity as Superintendent of the Elgin Independent School District; and Byron Mitchell, Beth Walterscheidt, Angie Edmon, Juanita Valarie Neidig, Pete Bega, JD Harkins, and David Glass in their Official Capacities as Trustees of the Elgin Independent School District, Appellees**

---

**FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY
NO. 1905-21, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING**

---

## MEMORANDUM OPINION

In October 2021, the State of Texas filed a notice of appeal from the trial court's order granting appellees' motion to show authority and dismissing the underlying case in its entirety. The State sued appellees to challenge the Elgin Independent School District's mask mandate for students, parents, and visitors on the School District's property.

On January 25, 2023, the Clerk of this Court requested a response from the State explaining how this Court may exercise jurisdiction over this matter because it appeared that the State's suit against appellees was moot. "The mootness doctrine applies to cases in which a justiciable controversy exists between the parties at the time the case arose, but the live controversy ceases because of subsequent events." *Matthews v. Kountze Indep. Sch. Dist.*,

484 S.W.3d 416, 418 (Tex. 2016). "It prevents courts from rendering advisory opinions, which are outside the jurisdiction conferred by Texas Constitution article II, section 1." *Id.* (citing *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam)).

In its response, the State represents that the appeal and the underlying case are moot because the School District's mask mandate has been rescinded. The State cites minutes from the School District's board meeting on February 28, 2022. Because the minutes impact this Court's jurisdiction, we take judicial notice of them. *See* Tex. R. Evid. 201 (addressing court's authority to judicially notice adjudicative facts); *Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied) (discussing mootness doctrine and explaining that "[b]ecause mootness is a matter that ordinarily arises after the rendition of the judgment or order appealed from, we can only determine whether Meeker's appeal is moot by considering evidence of matters occurring subsequent to the trial court's summary judgment order"); *SEI Bus. Sys., Inc. v. Bank One Tex., N.A.*, 803 S.W.2d 838, 841 (Tex. App.—Dallas 1991, no writ) (explaining that appellate courts may take judicial notice of facts outside record to determine jurisdiction over appeal).

Because the School District has rescinded the mask mandate, there is no longer a justiciable controversy between the parties and the State's suit against appellees is moot. *See Matthews*, 484 S.W.3d at 418. Thus, we vacate the trial court's order granting appellees' motion to show authority and dismissing the State's suit in its entirety and dismiss this appeal and the underlying case for want of jurisdiction. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction.").

_____

Rosa Lopez Theofanis, Justice

Before Justices Baker, Triana, and Theofanis

Vacated and Dismissed for Want of Jurisdiction

Filed:   February 24, 2023