**Opinion issued May 29, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00509-CV

———————————

**RAMESH KAPUR, Appellant**

**V.**

**WILLIAM CALLEDARE, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1201351**

---

## MEMORANDUM OPINION

This appeal arises out of a complaint for reentry to a condominium unit located at 12955 Woodforest Boulevard in Houston, Texas ("the Property"). Appellant Ramesh Kapur sought a writ of reentry under section 92.009 of the Texas Property Code against the owner of the property, Appellee William Calledare. TEX.

PROP. CODE § 92.009. The justice court summarily denied Kapur's unsworn complaint for reentry. Kapur filed a notice of appeal to the county court, which dismissed the case for lack of jurisdiction.

Because we conclude this case is moot, we vacate the county court's judgment and dismiss the case.

## I.    Relevant Background

Kapur alleges that, in June 2021, he arranged with Nicia Vitorino (who is not a party to this case) to purchase the Property on her behalf. Based on Vitorino's alleged promise of repayment, Kapur bought the Property at a foreclosure sale for $33,500. Kapur listed Vitorino's son, Calledare, as the owner of the Property on the deed. After seeing the Property, Vitorino decided she no longer wanted it, and she did not reimburse Kapur the purchase price.[1] Kapur contends he took possession of the Property himself, leaving Calledare listed on the deed as its owner.

Per Kapur, Calledare failed to pay the homeowners' association fees for the Property, and in October 2022, the association foreclosed. West Chase Property Solutions, Inc. ("West Chase") purchased the Property at the foreclosure sale. In January 2023, Calledare redeemed the Property, making him the owner again. Kapur claims he continued to occupy the Property throughout this period under an

---

[1]    Kapur and Vitorino apparently are parties to one or more separate lawsuits involving the Property.

"oral agreement" with West Chase. Kapur does not claim he had a written lease agreement with West Chase or any type of lease agreement with Calledare.

In February 2023, Calledare appears to have leased the Property to a third party. In preparation for the new tenant's move-in, Calledare had repair work performed at the Property, including a changing of the locks. Kapur alleges that when he visited the Property a short time later, he found himself locked out and the new tenant living there.

Kapur filed an unsworn complaint in the justice court, seeking a writ of reentry under section 92.009. The justice court denied the writ without holding a hearing, and Kapur filed a notice of appeal to Harris County Civil Court at Law No. 1. The county court dismissed the case for lack of jurisdiction in a one-page order that does not explain the basis for its ruling. Kapur filed this appeal.

## II.    Mootness

In his brief, Calledare states that the Property has been sold to a third party. In his reply brief, Kapur concedes this sale moots his request for a writ of reentry against Calledare.

"[W]e are obligated to review *sua sponte* issues affecting jurisdiction." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *see Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) ("[C]ourts always have jurisdiction to determine their own jurisdiction." (internal quotations omitted)). "[S]ubject-matter

3

jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Whether a court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). We lack subject-matter jurisdiction to decide a moot controversy. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). "A case becomes moot when there ceases to be a justiciable controversy between the parties or when the parties cease to have a legally cognizable interest in the outcome." *Id.* (internal quotations omitted).

In light of Kapur's concession, we agree his request for a writ of reentry against Calledare is moot. *See Heckman*, 369 S.W.3d at 162 ("[A] case is moot when the court's action on the merits cannot affect the parties' rights or interests."); *Lawton v. Lawton*, No. 01-12-00932-CV, 2014 WL 3408699, at *4 (Tex. App.— Houston [1st Dist.] July 10, 2014, no pet.) (mem. op.) (recognizing party's concession that claim is moot); *see also Whitehurst v. Thomas*, No. 01-21-00309-CV, 2023 WL 1786160, at *2 (Tex. App.—Houston [1st Dist.] Feb. 7, 2023, no pet.) (mem. op.) (concluding, in forcible-detainer action, owner's request for possession was moot because she no longer owned property).

Kapur argues, however, that not all of the appeal is moot because, in his "Petition for the Writ of Re-Entry" and supplement thereto, in addition to a writ of reentry, he requested sanctions, damages, and the return of personal property,

4

notwithstanding that there is no provision in section 92.009 authorizing a tenant to recover such things. *See* TEX. PROP. CODE § 92.009. Because Kapur's request for a writ of reentry under section 92.009 is moot, so is the additional relief he requested dependent on his first obtaining a writ of reentry. *See Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 762 (Tex. App.—Fort Worth 2010, pet. denied) (concluding request for attorney's fees moot because request for injunctive relief upon which attorney's fees depended was moot). Accordingly, this entire reentry action is moot.

### III. Conclusion

We vacate the county court's judgment and dismiss the case as moot. *See Heckman*, 369 S.W.3d at 162 ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction."); *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 788 (Tex. 2006) ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded.").

### PER CURIAM

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

5