# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00280-CV

---

**William Martin, Independent Executor, Appellant**

**v.**

**Paul Martin and Ann Tedford, Appellees**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
NO. 16-0372-P, THE HONORABLE JIMMY ALAN HALL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

William Martin, as Independent Executor of the estate of Elaine Barclay Martin (the Estate), appeals from an order requiring Steven Martin to resign as Independent Co-Executor of the Estate, or alternatively ordering his removal from that position. We will dismiss this appeal for want of jurisdiction as moot.

In 2016, William and Steven became independent co-executors of the Estate. In 2017, the court approved their inventory of the Estate. In 2020, two beneficiaries—appellees Paul Martin and Ann Tedford—filed a contest to the inventory and an application to remove Steven as executor. At a hearing on March 11, 2020, the parties' attorneys announced an agreement that Steven would step down as executor without admitting wrongdoing and that William would file a new inventory. Steven did not resign until much later.

On May 21, 2021, appellees filed a Motion to Enforce Agreed Order to Remove Independent Administrator based on the agreement that Steven would resign as co-independent

executor of the Estate. In July 2021, William and Steven filed a supplemental inventory that included a description of litigation events that led them to terminate the interests of "some beneficiaries" to the Estate under an in-terrorem clause of Elaine's will.

In 2023, Steven and William moved to dismiss appellees' motion to remove Steven as executor. Appellees then filed a motion to remove both executors. The court heard the motion on August 21, 2023.

On April 17, 2024, the court signed its Order Granting Motion to Enforce Agreed Order to Remove Independent Executor (the Order) that contained the following language:

> **IT IS THEREFORE ORDERED** that counsel Independent Co-Executor Steven Martin file Steven Martin's resignation from that position within five business days of the date of this order, and that if such counsel fails to do so, the Court will sign an order for the removal of Steven Martin from this position[.]

Steven filed his Resignation of Independent Co-Executor on April 25, 2024, stating, "**NOW COMES** Steven Martin and resigns as Independent Co-Executor." William filed his notice of appeal from the Order.

The parties argue that their opponents lack standing to participate in this case or appeal. William contends that appellees lost their interest in the Estate through the in-terrorem clause and thus had no standing to file a motion to remove Steven; William contends that the probate court lacked jurisdiction to grant a motion from parties without standing. He also contends that the court failed to follow the statutory process for requiring additional filings from independent executors and for ordering removal of an independent executor. Appellees contend that William has no standing to complain of an order concerning Steven and that the Order is not appealable because it did not dispose of all the relief they requested in their motion.

We lack jurisdiction because Steven's resignation mooted any controversy over the Order. A court of appeals is obligated to determine sua sponte whether all or any part of an appeal is moot. Mootness implicates subject-matter jurisdiction. *Pantera Energy Co. v. Railroad Comm'n*, 150 S.W.3d 466, 471 (Tex. App.—Austin 2004, no pet.). *Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 758 (Tex. App.—Fort Worth 2010, pet. denied). "A case becomes moot when (1) it appears that one seeks to obtain a judgment on some controversy, when in reality none exists, or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy." *Pantera*, 150 S.W.3d at 471. We must dismiss moot appeals to avoid rendering advisory opinions. *Id.* Here, Steven agreed to resign as executor in 2020 and fulfilled that promise in 2024. Reversing the Order would not reinstate Steven as executor because the trial court did not remove him as executor by the Order. Thus, reversal would have no practical effect on Steven's status as executor or on the administration of the Estate. Because any ruling on the stated bases for this appeal would have no effect on an existing controversy, we conclude that the appeal is moot and decline to otherwise address its merits.

We dismiss this appeal for want of jurisdiction as the appeal is moot.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Dismissed as Moot

Filed: April 28, 2026

3